957 So.2d 810 (2007)
STATE of Louisiana
v.
Thomas A. KERLEC.
No. 06-KA-838.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2007.
*811 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District Parish of Jefferson, Terry M. Boudreaux, Juliet Clark, Thomas S. Block, Trial Counsel Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Margaret S. Sollars, Louisiana Appellate Project, Thibodaux, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and GREG G. GUIDRY
GREG G. GUIDRY, Judge.
The Defendant, Thomas A. Kerlec, appeals from his guilty plea convictions on five counts and his respective sentences. For the reasons which follow, we affirm the convictions, amend the sentence on count two in part, and, as amended, affirm the sentences.
The Jefferson Parish District Attorney filed a six-count bill of information against the Defendant. Count one charged the Defendant with possession of a firearm while in possession of a controlled dangerous substance, diazepam, 3,4-methylenedioxyamphetamine (MDMA), methamphetamine and alprazolam, a violation of La. R.S. 14:95(E). Count two charged the Defendant with possession with intent to distribute marijuana, a violation of La. R.S. 40:966(A). Count three charged the Defendant with possession of MDMA, a violation of La. R.S. 40:966(C). Count four charged the Defendant with possession of methamphetamine, a violation of La. R.S. 40:969(C). Count five charged the Defendant with possession of diazepam, a violation of La. R.S. 40:969(C). Count six charged the Defendant with possession of alprazolam, a violation of La. R.S. *812 40:969(C). The Defendant pled not guilty at arraignment. He also filed a motion to suppress.
At the hearing on the motion to suppress, Detective David Barrett of the Kenner Police Department testified that, in October of 2004, he received a telephone call from an anonymous source that a white male named "Thomas" was selling marijuana and prescription medication at his residence, located at 1508 Compromise Street. The source advised Detective Barrett that Thomas received "a couple of pounds" of marijuana per week. After checking the registration of a vehicle parked under the carport at that address, Detective Barrett learned that the vehicle was registered to Thomas Kerlec, 1508 Compromise Street, Kenner, Louisiana. He subsequently obtained a photograph of Thomas Kerlec.
On November 10, 2004, Detective Barrett and three other officers went to the residence for further investigation. The officers saw surveillance cameras outside the residence. As they were about to walk towards the residence, a white male, whom Detective Barrett recognized as Thomas Kerlec, exited the front door. Detective Barrett identified himself as a Kenner Police Officer and advised him of the complaint he had received. Detective Barrett testified that a strong odor of burnt marijuana emanated from the Defendant and the residence. When Detective Barrett asked the Defendant if he possessed any illegal weapons or narcotics on his person or in his residence, the Defendant darted inside the residence and Detective Barrett followed. Detective Barrett observed a partially smoked hand-rolled cigarette on an ashtray in plain view. Believing that the cigarette contained marijuana, Detective Barrett placed the Defendant under arrest for possession of marijuana.
Detective Barrett advised the Defendant of his rights. The Defendant said he understood those rights, and then said that if the police would leave, he would "throw it all away." The Defendant also said that "times were hard and he was selling marijuana to supplement his income." While the officers waited with the Defendant, Detective Barrett obtained a search warrant. During the execution of the warrant, the police seized an assortment of drugs, paraphernalia and weapons. They found a prescription bottle containing two tablets of ecstasy and six tablets of hydrocodone. Another prescription bottle contained four and one-half tablets of zanax (alprazolam), and five tablets of diazepam. They also found two trays containing marijuana, five bottles containing partially smoked marijuana cigarettes, and five plastic bags of marijuana. There were two separate plastic bags containing a crystalline substance, which tested positive for crystal methamphetamine. The officers also found a smoking apparatus, seven smoking pipes, a box of rolling papers, a deodorant can with a false bottom, two scales, two trays, a pack of sandwich bags, and an ashtray. In a locked box next to the Defendant's recliner, the officers found a Smith & Wesson handgun and a Browning .380 caliber handgun.
The trial judge denied the Defendant's motion to suppress the statement and the evidence. On January 9, 2006, the State dismissed count four, possession of methamphetamine, and amended count one to reflect that the Defendant possessed a firearm while in possession of methamphetamine, deleting reference to the other drugs from the charge. On January 23, 2006, the Defendant pled not guilty to the amended bill. However, on January 24, 2006, the Defendant withdrew his not guilty plea and pled guilty as charged to all remaining counts. On February *813 7, 2006, the trial judge imposed the sentences. According to the minute entry/commitment, the Defendant was sentenced to six years at hard labor on count one, with the first five years to be served without benefit of probation, parole or suspension of sentence. The Defendant was sentenced to six years on count two and five years on the remaining three counts. The sentences were ordered to run concurrently.[1] Thereafter, the Defendant filed a motion to reconsider sentence, which the trial judge denied. This timely appeal follows.
In his only assigned error, the Defendant contends that his six year sentence "on the gun charge" is excessive because he was a first offender, he showed remorse for his crime, he was gainfully employed, and supported his niece.[2] According to the Defendant, he should have received the minimum five year sentence.
The State responds that the Defendant's sentences on counts one and two are not excessive. The State points out that the transcript appears to indicate that the trial judge actually did sentence the Defendant to five years imprisonment on count one. The State also notes that the sentence may be indeterminate if it is found to be unclear whether the Defendant received a five or six year sentence on count one. The State further contends that the Defendant's sentence on count one is actually illegally lenient because it was imposed without restrictions or a fine, both of which are mandatory under the applicable statute.
La. R.S. 14:95(E), the statute applicable to the Defendant's charge on count one, illegal carrying of weapons, provides for a fine of not more than ten thousand dollars and imprisonment at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence.
On February 7, 2006, after the Defendant stated he was ready for sentencing, the trial judge imposed sentence as follows:
THE COURT:
Okay. That doesn't say it. I can't remember which one I do which on. The 95(E) is five years in the Department of Corrections
[DEFENSE COUNSEL]:
Six on the other counts.
THE COURT:
sixokay. The 966(A) Schedule with an intent to distribute marijuana is going to be six years in the Department of Corrections, the first five without benefit of probation, parole or suspension of sentence. Count three, Scheduleor possession of MDMA, is five years in the Department of Corrections. Let me get through these and then I'll make them all concurrent, I think. D.O.C., number five, which is possession of diazepam, five years in the Department of Corrections; number six, possession of alprazolam, five years in the *814 Department of Corrections; all of which will run currently with each other. He will get credit or time served.
Upon review, we find no ambiguity in the imposed sentence and find that the trial court imposed a five year sentence on count one and a six year sentence on count two. This conclusion is supported by the facts surrounding its imposition, as indicated in the waiver of rights form, and the applicable law. To hold otherwise would be to assume that the trial court intended to impose a sentence not permitted by law.
The waiver of rights form completed by the Defendant and his attorney does not reflect itemized sentences for each count. It simply provides that the Defendant would receive a six year sentence, with the first five years to be served without benefit of probation or parole. Since the sentencing provision on the first count, La. R.S. 14:96(E), requires that the sentence be imposed with restrictions (without benefit of parole, probation or suspension), the trial court could not have legally imposed a six year sentence with only five of the years to be served without benefit. Correlatively, the sentencing provision on count two, La. R.S. 40:966(B)(3), does not authorize the trial court to impose a sentence with restrictions. Thus, the court could not have imposed a six year sentence on this count and ordered five years to be served without benefit of parole, probation or suspension of sentence. The only legal sentence that could have been imposed to implement the plea agreement was, as imposed, a sentence of five years at hard labor on count one, without benefit,[3] and six years at hard labor on count two.
As acknowledged by the State, we find that the trial court did, according to the sentencing transcript, ultimately impose a five year sentence for count one, although it was discussed differently during the guilty plea colloquy.[4] In view of this finding, the Defendant's assignment of error, contending that his sentence on count one was excessive because the five year minimum sentence was not imposed, is rendered moot.
Further, upon review, we find that the sentence imposed on count two, six years at hard labor, with the first five to be served without benefit of probation, parole or suspension of sentence, is beyond the trial court's authority. La. R.S. 40:966(B)(3), under which the Defendant was sentenced on count two, does not deny parole or probation eligibility or eligibility for suspension of sentence. The trial court lacked authority to place such restrictions on the first five years of the imposed sentence. *815 Therefore, we must amend the sentence, by deleting the restrictions improperly placed on it, to comport with law. State ex rel Ducre v. State, 04-0988 (La.10/15/04), 883 So.2d 1054.
The State argues that the Defendant's sentences on counts one and two are illegally lenient because in neither case did the trial court impose a fine, which the State argues is mandatory. La. R.S. 14:95(E) provides for "a fine of not more than $10,000." La. R.S. 40:966(B)(3) provides for "a fine of not more than fifty thousand dollars." While this Court has held that such a statute, providing for a fine for "not more than" a specified amount, does require a mandatory fine, State v. Clemons, 01-1032 (La.App. 5th Cir.2/26/02), 811 So.2d 1047, writ denied, State v. Phillips, 02-0866 (La.11/22/01), 834 So.2d 972, cert. denied, 538 U.S. 1063, 123 S.Ct. 2228, 155 L.Ed.2d 1117 (2003), we note that the matter is not free from doubt. See State v. Phillips, supra, Chief Justice Calogero, dissenting; State v. Francois, 06-0788 (La.App. 3rd Cir.12/13/06), 945 So.2d 865, (holding that, when the trial court does not impose a fine in a situation where the statute authorizes a fine of "not more than" a certain amount, it impliedly imposes a fine of $0 and there is no error requiring remand).
This Court, while finding the omission of the imposition of a fine in such cases to be error, has, nevertheless, as a matter of discretion, refrained from amending the defendant's sentence to impose a fine. State v. Jackson, 04-728 (La.App. 5th Cir.12/14/04), 892 So.2d 71, writ denied, 05-0548 (La.1/9/06), 918 So.2d 1033. We find that to be the proper course of action in this case, where the State did not object at sentencing, and decline the State's request to remand the case for imposition of a fine.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We found no errors requiring corrective action by this Court.
Accordingly, for the reasons stated above, the Defendant's guilty plea convictions for illegal carrying of a weapon, possession with intent to distribute marijuana, possession of MDMA, possession of diazepam, and possession of alprazolam and his respective sentences, on count one to five years at hard labor without benefit of parole, probation and suspension of sentence, and on counts three, five, and six to five years at hard labor, with credit for time served, and all, including the sentence on count two, to run concurrently, are affirmed. The Defendant's sentence on count two, as imposed, six years at hard labor with the first five to be served without benefit of parole, probation or suspension of sentence, is amended to delete the unauthorized restrictions, and, as amended, it is affirmed. The case is remanded for the trial court to amend the minute entry/commitment to correctly reflect the sentences as amended and affirmed herein.
CONVICTIONS AFFIRMED; SENTENCES AMENDED IN PART, AND AS AMENDED, AFFIRMED; AND CASE REMANDED.
NOTES
[1] There are discrepancies in the sentences between the commitment and the transcript of the sentencing hearing. In such cases the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). The sentences, as imposed by the trial judge as per the transcript of the sentencing proceeding, are discussed hereinafter.
[2] It is noted that the Defendant does not specify the particular count to which the sentence pertains. Rather, the Defendant refers to the challenged sentence as the "sentence of six years on the gun charge." Thus, although the State asserts that the Defendant is challenging his sentences on counts one and two, the reference in Defendant's brief to "the gun charge" makes it clear that he is only challenging his sentence on count one, 14:95(E), possession of a firearm while in possession of methamphetamine.
[3] We note that the trial court neglected to articulate the fact that the Defendant's sentence under La. R.S. 14:95(E) on count one was imposed without benefit of parole, probation or suspension of sentence. However, it is well settled that under La. R.S. 15:301.1 and State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, these restrictions are automatically included in any sentence where, as here, they are statutorily mandated.
[4] On January 24, 2006, during the Boykin colloquy, the trial judge told the Defendant that, on count one, he would receive a sentence of six years at hard labor for possessing a firearm while possessing methamphetamine, with the first five years to be without benefit of parole, probation or suspension of sentence. On counts two and three, he would receive a sentence of six years at hard labor. On counts five and six, he would receive a sentence of five years at hard labor, with all of these sentences to run concurrently with each other. The Defendant evidently believed he had received a six-year sentence on count one, considering his argument at the hearing on the motion to reconsider sentence and in brief on appeal, asserting that his six-year sentence "on the gun charge" is excessive. There is nothing in the record to indicate why the trial judge changed the sentence actually imposed, except for the obvious reason, to comply with law.