CLARENCE E. McMANUS, Judge.
 

 |2Pefendant, John Mark Hearn, was charged by bill of information with twelve counts of pornography involving juveniles in violation of LSA-R.S. 14:81.1(A)(3). He pled guilty as charged to counts one and two, and the State nolle prossed counts three through twelve. Defendant was sentenced to 100 months imprisonment with the Department of Corrections on each count, concurrent, at hard labor and without benefit of parole or suspension of sentence. After the denial of his motion for reconsideration of sentence, he was granted an out-of-time appeal.
 

 Since there was no trial in this matter, the pertinent facts relating to the charged offenses must be gleaned from the bill of information, which alleged that in St. John
 
 *875
 
 the Baptist Parish, on August 4, 2005, defendant was in possession of pornography involving juveniles.
 

 In his sole assignment of error, defendant alleges that his sentence is excessive. Defendant pled guilty to two counts of pornography involving juveniles. LSA-R.S. 14:81.1(E) provides that “Whoever commits the crime of pornography involving juveniles shall be fined not more than ten thousand dollars and be imprisoned at hard labor for not less than two years or more than ten years, without benefit of parole, probation, or suspension of sentence.” Defendant | ^received two 100-month sentences (eight years and four months) with the Department of Corrections, to be served concurrently.
 
 [1]
 

 In this appeal, defendant argues that his near maximum sentence of eight years and four months (100 months) is constitutionally excessive because he was a 51-year old first offender with an exemplary record who accepted responsibility and embarked on treatment. Defendant notes that the offense was possession, and that there was no allegation that he sold or distributed any pornography or was involved in the production or reproduction of child pornography. He adds that there were no allegations that he acted inappropriately towards any child or person. Defendant contends that the punishment is inappropriate in light of his background, including his community involvement, education, work, and military background. Defendant disagrees with the judge’s reasons for the sentences imposed, and argues that other child pornography cases offer no support to the sentences imposed upon defendant.
 

 The State responds that in light of the extensiveness of defendant’s collection of child pornography, the substantial benefit defendant received from his plea bargain, the fact that the sentence was within the statutory range, and because the trial court took into consideration the Pre-Sen-tence Investigation (PSI), the sentencing guidelines, and all mitigating factors, defendant’s sentence is not excessive. The State points out that defendant substantially benefited from the plea in that ten of the twelve counts were nolle prossed, eliminating potentially 100 14years of imprisonment. The State further argues that the sentence was carefully considered and should not be disturbed.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment.
 
 State v. Pearson,
 
 07-832, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 

 
 *876
 
 In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice.
 
 Pearson,
 
 07-332 at 15, 975 So.2d at 655-56. A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion.
 
 State v. Dorsey,
 
 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts.
 
 Pearson,
 
 07-332 at 15-16, 975 So.2d at 656.
 

 Article 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis when imposing the sentence. However, when there is an adequate factual basis for the sentence contained in the record, the trial court’s failure to articulate every circumstance listed in LSA-C.Cr.P. art. 894.1 does not require a remand for resentencing.
 
 State v. Sanders,
 
 98-855, p. 5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279,
 
 writ denied,
 
 99-1980 (La.1/7/00), 752 So.2d 175. Further, there is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Bolden,
 
 04-1000, p. 5 (La.App. 5 Cir. 3/1/05), 901 So.2d 445, 448-49,
 
 writ denied,
 
 05-2030 (La.4/28/06), 927 So.2d 279.
 

 The trial judge referenced LSA-C.Cr.P. art. 894.1, which sets forth factors the judge should consider in imposing a sentence of imprisonment, and specifically stated that he believed defendant’s sentence was required because of an undue risk that defendant would commit another crime, because of the need of correctional treatment or a custodial environment, and because he believed a lesser sentence would deprecate the seriousness of the crime.
 

 In sentencing defendant, the trial judge gave the following reasons:
 

 Okay. One of the most difficult points of this job is to come to sentencing of matters that are particularly sensitive in this community. That’s why I called for a presentence investigation in this matter. I would have called for it regardless. And it obviously sheds a great deal of light on the aspects of Mr. Hearn’s life. Even though, Mr. Becnel, I’ll take it to heart, there was not a whole lot of reference to the appendage in the actual report. I took the time to read every document. I take away from that, a study in contrast. Most of this is describing a family and a man that are just total opposites of what he is accused of committing today. I’ll make a brief note. A lot of it is addressed to his father Bishop Hearn. And just as an aside there. Bishop Hearn and Mrs. Hearn, the elder, is, they are held in incredibly high regard in a great segment of society that is expressed here. It’s something certainly commendable. Beyond commendable. I mean, it’s stunning, is the word that comes to mind. It cuts the other way that unfortunately however stunning it might be, it’s just not transferable. The other documents in support of the defendant are not as stunning. But they provide insight to a relatively exemplar life. Again, I just cannot get the juxtaposition of the crime accused and the man described. I’m trying to get my head around it. And it is just very difficult to come to grips with. And the P.S.I. makes reference to a law in what I need to take into account when I sentence an individual. And in the sentencing guidelines, the law tells me, under 894.1, that I should sentence in a certain manner
 
 *877
 
 and that would be here in the sentence of imprisonment if I find that there is an undue risk that under a suspended sentence or probation that the defendant would commit another crime. I’m not satisfied that this risk has been alleviated. He has needed, I believe that he does need some correctional treatment for custodial environment which would be effectively his commitment in an institution. In a lesser sentence, inother-words, [sic] a sentence other than what I’m going to announce in a few moments, which certainly deprecates the seriousness of the crime. Mrs. Graug-nard’s comments are also taken well in that it’s | ¿very concerning the magnitude of the crime here. The matter was pled down to two counts and I was privy to a great deal of this information very early on in the case, and just of late, received the extensive nature of the crime. That is a paramount concern, a troubling concern that comes to mind. I’m not going to hold you in suspense anymore. My decision is one hundred months with the Department of Corrections. There can be no benefit of suspension, parole or diminution of sentence. The Department of Corrections regulations may afford him better treatment. Inother-words, [sic] something less than that amount.
 

 The defendant in this case was a first felony offender and was in his early 50’s. According to the PSI, defendant had no juvenile record, and had not been arrested prior to the instant offenses. Prior to sentencing, defense counsel made a statement to the court in which he noted defendant had served in the U.S. Naval Academy from 1980 to 1986 as a Nuclear Submarine Technician and had received an honorable discharge. Counsel further told the court that defendant had been employed as an operator at a nuclear plant in St. Charles Parish and that defendant performed his job without any negative commendations until his arrest. Further, the PSI, which the judge read, included defendant’s employment history as well as his military background. As such, the judge was aware of defendant’s military background as well as his employment history at the time of sentencing.
 

 Other cases given for pornography involving juvenile offenses fail to show abuse of the trial court’s discretion. See
 
 State v. Horton,
 
 42,199 (La.App. 2 Cir. 6/20/07), 962 So.2d 459,
 
 writ denied,
 
 07-1819 (La.1/25/08), 973 So.2d 755 (sentence of seven years for pornography involving juveniles was not constitutionally excessive; court considered involvement with pornography over a long period of time and a misdemeanor conviction, which occurred 16 years prior, involving actions with a child that could have resulted in felony charges against the defendant);
 
 State v. Kujawa,
 
 05-470 (La.App. 1 Cir. 2/22/06), 929 So.2d 99,
 
 writ denied,
 
 06-0669 (La.10/6/06), 938 So.2d 65 (the defendant was a priest who was |7convicted of 15 counts of possessing child pornography. He was originally sentenced to 4 years, consecutive, on each count. The trial court suspended the sentences and ordered probation. The sentence was vacated as illegal, and defendant was resen-tenced to 10 years on each count, concurrent. During the period between the first and the second sentencing, defendant pled guilty in federal court to possession of child pornography. The concurrent 10 years sentences were found not excessive);
 
 State v. Stapleton,
 
 40,772 (La.App. 2 Cir. 3/8/06), 924 So.2d 453, (defendant was sentenced to five years for one count of possession of child pornography, after seizure of computer discs containing 102 images of child pornography and 69 images of child erotica. The issue of excessive sentence was not raised on appeal).
 

 
 *878
 
 The trial court is afforded wide discretion in determining sentences, and a court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 Pearson,
 
 07-332 at 15, 975 So.2d at 656.
 
 See also
 
 LSA-C.Cr.P. art. 881.4(D) (appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed). The review of sentences under La. Const, art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.
 
 State v. Williams,
 
 07-1111, p. 1 (La.12/7/07), 969 So.2d 1251, 1252 (per curiam). Further, when an appellate court is reviewing a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion.
 
 State v. Walker,
 
 00-3200, p. 2 (La.10/12/01), 799 So.2d 461, 462 (per curiam).
 

 As previously mentioned, defendant faced a maximum sentence of ten years imprisonment on each count, and received a sentence of eight years and four | ^months on each count, to run concurrently. As such, defendant’s sentence was within the statutory range. Defendant’s sentence was less than the sentence recommended in the PSI. Further, the State nolle prossed ten of the twelve counts of pornography involving juveniles after defendant pled guilty to two of the counts as charged, eliminating sentencing exposure. According to the PSI, the evidence collected in this case included an overwhelming number of images and movies; a total of 7637 images and 642 movies were collected. We note that a defendant who intentionally possesses child pornography can be charged on a separate count, and sentenced separately for each count upon which the defendant is convicted, for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant’s collection of child pornography.
 
 State v. Fussell,
 
 06-2595, p. 25 (La.1/16/08), 974 So.2d 1223, 1238.
 

 We further note that although defendant appears to argue his crime was one of mere possession, indicating that his offenses are less egregious and warrant lesser sentences than the other offenses provided in the statute, the legislature has made no such distinction. As stated by the Louisiana Supreme Court in
 
 Fussell,
 
 06-2595 at 19-20, 974 So.2d at 1235,
 

 Through its enactment of La. R.S. 14:81.1, the legislature intended to prevent any child from ever being victimized by punishing equally any of four types of offenders for each action that contributes to that child’s sexual exploitation, including a defendant who intentionally possesses child pornography. Simply stated, preventing any child from being sexually victimized is the end to be achieved, and punishing both producers and consumers of child pornography equally is the legislature’s chosen means by which to achieve this end.
 

 Based on the foregoing, we find that the trial judge did not abuse its discretion in sentencing defendant to eight years and four months imprisonment. [3The trial judge stated for the record the considerations taken into account and the factual basis when imposing the sentences, complying with LSA-C.Cr.P. art. 894.1. The judge was made aware of mitigating factors and considered them prior to imposing defendant’s sentence, even though he might not have mentioned each factor considered. Finally, the record, including the PSI, supports the punishment, and the sentences do not appear grossly disproportionate to the seriousness of the offenses and are not a purposeless and needless infliction of pain and suffering.
 

 
 *879
 
 We find defendant’s allegation of error to be without merit.
 

 We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990), and address the following errors.
 

 The trial court failed to impose the mandatory fine. Defendant should have received a fine of “not more than ten thousand dollars.” LSA-R.S. 14:81.1(E). While this Court has held that such a statute, providing for a fine for “not more than” a specified amount, does require a mandatory fine, the matter is not free from doubt.
 
 State v. Kerlec,
 
 06-838, p. 8 (La.App. 5 Cir. 4/11/07), 957 So.2d 810, 815,
 
 writ denied,
 
 07-1119 (La.12/7/07), 969 So.2d 626. The State did not object at the time of sentencing, and does not address this issue in brief to this Court.
 

 The Louisiana Supreme Court has held that an appellate court has the authority to correct an illegally lenient sentence that fails to impose a mandatory fine.
 
 Stat
 
 e
 
 v.
 
 Decrevel 03-0259 (La.5/16/03), 847 So.2d 1197 (per curiam). However, this Court is not required to take such action and has, in certain circumstances, refrained from amending the defendant’s sentence to impose a fine.
 
 State v. Kerlec, supra; State v. Turner,
 
 08-1188, p. 7 (La.App. 5 Cir. 5/12/09), 13 So.3d 695. We decline to amend the defendant’s sentence in this matter.
 

 ImFurther, defendant’s sentence was imposed without the benefit of parole or suspension of sentence. However, LSA-R.S. 14:81.1(E) also provides for a restriction of probation. It appears this error does not require corrective action because under
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799 and LSA-R.S. 15:301.1(A), the “without benefits” provision is self-activating.
 

 Finally we note that, after reviewing the waiver of rights form and the transcript of defendant’s guilty pleas, there appears to be a discrepancy in the December 10, 2007 minute entry. The minute entry reflects that the guilty pleas were made under LSA-C.Cr.P. art. 893. However, the waiver of rights form and the transcript do not reflect the pleas were made under LSA-C.Cr.P. art. 893. Since there is a discrepancy between the minutes and the transcript, the transcript must prevail.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Accordingly, we remand this matter to order the trial court to correct the minute entry.
 

 For the above discussed reasons, the defendant’s conviction pursuant to his guilty plea, and his sentence, are affirmed. The matter is remanded for correction of the minute entry to delete the reference to C.C.P. art. 893.
 

 AFFIRMED AND REMANDED.
 

 [1]
 

 . LSA-C.Cr.P. art. 881.2(A)(2) provides that “ff]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This provision applies both to plea agreements involving specific sentences and sentencing caps.
 
 State v. Young,
 
 96-0195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174;
 
 State
 
 v.
 
 Jackson,
 
 07-975, p. 7 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 250-51. In the present case, although defendant pled guilty to two counts of pornography involving juveniles, the record does not reflect that defendant agreed to a specific term or a cap regarding his sentences. Instead, he was made aware of the sentencing range for the offense when he pled guilty and was not sentenced until after the PSI was completed and reviewed by the court. Since no specific sentence was agreed upon in the plea agreement and no sentencing cap was set, it appears defendant is not precluded from seeking review of his sentence under LSA-C.Cr.P. art. 881.2(A)(2).
 
 See State v. Allen,
 
 03-1205, p. 3 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 878.