MARC E. JOHNSON, Judge.
Lin this appeal, defendant, Juan Morales, appeals his four-year sentence for pornography involving juveniles. For the reasons that follow, we affirm.
Defendant was charged in a bill of information on January 26, 2011 with one count of pornography involving juveniles in violation of La. R.S. 14:81.1. He initially pled not guilty, but later pled guilty as charged without any agreement regarding his sentence. Prior to sentencing, the trial court ordered a pre-sentence investigation (PSI). After reviewing the PSI and a letter from defendant’s 13-year-old niece, the trial court sentenced defendant to four years at hard labor without the benefit of parole, probation, or suspension of sentence, and ordered defendant to pay a $5,000 fine.
The only facts surrounding the offense contained in the record are those recited by the State during the plea colloquy, when the State noted it would have | sproven at trial that on June 9, 2009, defendant knowingly and intentionally possessed child pornography.
Defendant appeals his sentence asserting it is constitutionally excessive, and that the trial court abused its discretion in imposing sentence. He argues that he showed remorse and accepted responsibility for his wrongdoing by pleading guilty without any - sentencing agreement. He claims his four-year sentence is a hardship considering he was diagnosed with HIV in 1991 and requires continuous medical treatment. Defendant further asserts that his criminal conduct was not violent; he did not cause or threaten serious harm; his crime did not involve known victims; he has no criminal history; and his conduct did not involve dangerous weapons or controlled dangerous substances. He contends that there are no aggravating circumstances in the record to justify a four-year sentence, and that the PSI only pointed out the mitigating circumstances and provided no sentencing recommendation.
Defendant also argues that the trial court inappropriately based the sentence on the alleged large number of photographs in his possession, when the number of photographs was not in the record for the trial court’s consideration, and on his alleged dissemination of pornographic images of juveniles, when there was no evidence that he disseminated such images. Lastly, defendant maintains the trial court erroneously believed there was a mandatory $5,000 fine.
We initially note that a defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea. La.C.Cr.P. art. *1041 881.2(A)(2). This applies both to plea agreements involving specific sentences and sentencing caps. State v. Jackson, 07-975 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 251. In this case, although defendant pled guilty, he did not agree to a specific term or a cap regarding his sentence. Instead, |4he was made aware of the sentencing range for the offense when he pled guilty and was sentenced after the PSI was completed and reviewed by the trial judge. Since no specific sentence was agreed upon in the plea agreement and no sentencing cap was set, defendant is not precluded from seeking review of his sentence. See State v. Allen, 08-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, 878.
The record shows defense counsel orally objected to defendant’s sentence at the time of sentencing. However, he did not make an oral motion for reconsideration of sentence or file a written motion for reconsideration of sentence on the grounds now raised on appeal. La.C.Cr.P. art. 881.1(B) requires that a motion to reconsider sentence, either oral or written, must set forth the specific grounds upon which the motion is based. Failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional exces-siveness. La.C.Cr.P. art. 881.1(E); State v. Zaldivas, 02-690 (La.App. 5 Cir. 12/30/02), 836 So.2d 577, 583, writ denied, 03-705 (La.10/17/03), 855 So.2d 757. Therefore, defendant’s sentence will only be reviewed for constitutional excessiveness.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. Id. at 655-56.
|sA trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Pecot, 10-261 (La.App. 5 Cir. 12/14/10), 54 So.3d 1174, 1190, writ denied, 11-123 (La.5/27/11), 63 So.3d 996. In reviewing a trial court’s sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Pearson, 975 So.2d at 656.
In the instant case, defendant pled guilty to one count of pornography involving juveniles, which carries a sentence of two to ten years imprisonment and a fine of not more than ten thousand dollars. La. R.S. MiSl.KEXl).[1] Defendant received a lower-end sentence of four years and a $5,000 fine.
*1042 At the sentencing hearing, the trial judge stated that he had reviewed a letter from defendant’s niece and the PSI, in which the probation and parole officer made no sentencing recommendation. He also stated he considered the fact defendant pled guilty without any agreement regarding his sentence. The trial judge further noted the fact defendant had no previous criminal history and had support from family and friends.
Although the trial judge acknowledged the photographs at issue were downloaded from the Internet and did not involve a situation where known victims were photographed, he explained that the victims who were photographed continued to be victimized every time somebody downloaded the photographs from the Internet. He stated that if the photographs were not downloaded on a | ^consistent basis, there would be no need to post them. The trial judge explained that although defendant did not physically play a hand in taking the photographs, he certainly played a hand in the further dissemination of those images, which the trial judge found “extremely disturbing.” He further stated he also took into account the large number of photographs in defendant’s possession.
Defendant contends the trial judge erred in considering the number of photographs since they were not contained in the record. The Louisiana Supreme Court has found that the sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information. State v. Washington, 414 So.2d 313, 315 (La.1982). Further, it is noted that a defendant who intentionally possesses child pornography can be charged on a separate count and sentenced separately for each count upon which the defendant is convicted for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant’s collection of child pornography. State v. Hearn, 09-434 (La.App. 5 Cir. 12/29/09), 30 So.3d 873, 878, citing State v. Fussell, 06-2595 (La.1/16/08), 974 So.2d 1223, 1238.
Defendant also argues the trial judge erred by finding he disseminated the photographs. However, after reviewing the trial judge’s statement in context, it is clear the trial judge was referring to the fact defendant participated in the dissemination of pornographic photographs of children by downloading them from the Internet. It is noted that through the enactment of LSA-R.S. 14:81.1, the legislature intended to prevent any child from ever being victimized by punishing both producers and consumers of child pornography equally. State v. Fussell, 974 So.2d at 1235.
| ./Defendant further contends the trial court erroneously believed the statute mandated a $5,000 fine. A review of the guilty plea colloquy and the sentencing transcript shows that the trial judge was fully aware the mandatory fine ranged from zero to $10,000.00; he simply imposed $5,000.
We cannot say defendant’s four-year sentence and $5,000 fine shock our sense of justice. A review of cases involving convictions for pornography involving juveniles reveals the same or longer sentences.[2] Thus, we find the trial court did *1043 not abuse its discretion in imposing sentence.
We have reviewed the entire record for errors patent in accordance with La. C.Cr.P. art. 920, and find no errors.
DECREE
For the foregoing reasons, we affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED

. La. R.S. 14:81.1(E)(1) was recently amended to provide a harsher sentencing range for pornography involving juveniles. See 2012 La. Act. No. 446. Although the amendments do not affect defendant in this case, we note that the Legislature increased the sentencing range from two to ten years imprisonment to five to 20 years imprisonment. Additionally, the fine was increased from not more than $10,000, to not more than $50,000.

. See State v. Roberts, 01-154 (La.App. 3 Cir. 10/3/01), 796 So.2d 779, 789-90, writ denied, 01-2974 (La.9/20/02), 825 So.2d 1163, where the Third Circuit upheld a four-year sentence for a defendant who used a library computer terminal to view images of young nude children and was convicted of pornography involving juveniles; State v. Hearn, 09-434 (La. *1043 App. 5 Cir. 12/29/09), 30 So.3d 873, 875-79, where this Court upheld two concurrent sentences of eight years and four months for a defendant who pled guilty to two counts of pornography involving juveniles, noting that the evidence included an overwhelming number of images and movies; and State v. Horton, 42,199 (La.App. 2 Cir. 6/20/07), 962 So.2d 459, 467-70, writ denied, 07-1819 (La. 1/25/08), 973 So.2d 755, where the Second Circuit upheld a seven-year sentence for a defendant convicted of pornography involving juveniles after an electronics retailer found images of child pornography on his computer, noting defendant’s involvement with pornography over a long period of time.