NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-899

STATE OF LOUISIANA

VERSUS

RONALD MILLARD IRBY

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 35488-11
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

John F. DeRosier
District Attorney
Carla S. Sigler
Karen C. McLellan
Assistant District Attorneys
901 Lakeshore Drive, Suite 800
Lake Charles, Louisiana 70601
(337) 437-3400
Counsel for Appellee:
        State of Louisiana

**Edward J. Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, Louisiana  70505-3733**
**(337) 237-6841**
**Counsel for Defendant/Appellant:**
**Ronald Millard Irby**

**KEATY, Judge.**

Defendant, Ronald Millard Irby, was charged by bill of information with pornography involving juveniles, a violation of La.R.S. 14:81.1(A)(1). Defendant pled not guilty. Defendant later entered a "no contest" plea to the charge. On that same date, both Defendant and his counsel signed a Notification to Sex Offender and a Notification of Supervised Release. After accepting Defendant's plea, the trial court ordered a Presentence Investigation report (PSI) and set sentencing for a later date. Approximately three months later, Defendant filed a Motion to Withdraw Admission and Guilty Plea. Prior to sentencing, the trial court heard defense counsel's argument in support of the motion and denied Defendant's motion to withdraw. Thereafter, the trial court imposed the maximum sentence, ten years at hard labor without benefit of probation, parole, or suspension of sentence with credit for time served. Defendant noted his objection to the sentence.

Defendant timely filed a Motion for Appeal and Designation of Record. Defendant's appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging the record contains no non-frivolous issues for appeal and requesting that this court grant his accompanying motion to withdraw. Pursuant to Defendant's request, on October 11, 2013, this court sent a copy of the record to Defendant and granted him until November 27, 2013, to file a *pro se* brief. To date, Defendant has not filed a *pro se* brief. For the following reasons, we affirm Defendant's conviction and sentence and grant appellate counsel's motion to withdraw.

**FACTS**

The following factual basis was given by the State in support of the Defendant's no contest plea:

> If called to trial the State would prove that on or between May 7th, 2011 and June 7th, 2011, investigation conducted by the Calcasieu Parish Sheriff's Office as well[] as the U.S. Department of Homeland Security, revealed the defendant did unlawfully possess several media files depicting child pornography within the confines of Calcasieu Parish.
>
> There was a forensic examination conducted by Agent Jeremy Cook of the U.S. Department of Homeland Security, and he did confirm that the defendant did have several files of child pornography on his hard drives.

**DISCUSSION**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After review, we find no errors patent.

*Anders*

Pursuant to *Anders*, Defendant's appellate counsel filed a brief stating that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of Defendant's conviction or sentence. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the

2

defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's appellate counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.' *McCoy* [*v. Court of Appeals of Wisconsin*, 486 U.S. [429] at 442, 108 S.Ct. [1895] at 1903 [(1988)]." *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241. Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.* (citing *United States v. Pippen*, 115 F.3d 422 (7th Cir. 1997)). Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In his *Anders* brief, appellate counsel points out that prior to entering his no contest plea, he explained to Defendant the six constitutional rights he was waiving by entering the no contest plea. Moreover, appellate counsel notes, Defendant signed and was provided a copy of the Notification to Sex Offender and Notification of Supervised Release required by La.R.S. 15:543(A). Additionally,

appellate counsel points out that the "trial judge specifically informed the defendant of the 'strict requirements' of the registration for the 'next 25 years.'" Appellate counsel asserts that the "colloquy with the Court and the plea forms as well as the Notification Documents established the knowing and intelligent waiver of rights and the voluntary nature of the plea."

Regarding Defendant's Motion to Withdraw Admission and Guilty Plea, appellate counsel notes that Defendant claimed he misunderstood the consequences of his plea and the registration requirements. However, appellate counsel contends that the plea form and registration requirements were carefully explained to Defendant and that Defendant confirmed that he understood. According to appellate counsel, the trial court took special note of Defendant's ability to express himself verbally and in writing.

A guilty plea may be withdrawn at any time prior to sentencing, and the discretion of the trial judge will not be disturbed absent arbitrariness or an abuse of that discretion. *State v. Calhoun*, 96-786 (La. 5/20/97), 694 So.2d 909. "A defendant has no absolute right to withdraw a guilty plea." *State v. Stewart*, 47,679, p. 6 (La.App. 2 Cir. 1/16/13) 109 So.3d 915, 918-19, *writ denied*, 13-303 (La. 9/20/13), 123 So.3d 163. "Generally, the denial of withdrawal of a guilty plea will not be reversed on appeal when the record shows the defendant was informed of his rights and the consequences of the plea and that the plea was entered voluntarily." *Id.* at 919.

Appellate counsel asserts that the trial court correctly denied Defendant's request to withdraw his plea because the record establishes that Defendant understood the plea and voluntarily entered the plea. Finally, appellate counsel asserts that the sentence imposed, ten years at hard labor, could not reasonably be

4

argued as excessive in light of the nature of the charge and in light of Defendant's prior felony convictions.

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. Our review confirms the statements made by appellate counsel. Defendant was properly charged in the bill of information, and he was present and represented by counsel at all crucial stages of the proceedings. Additionally, we conclude that Defendant entered a free and voluntary plea after he was advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The trial court informed Defendant that he was waiving his right to a jury trial, his right to confront and cross-examine his accusers, his right to compel witnesses to testify, his right to remain silent, his right to representation, and his right to an appeal. These rights were also set forth in a written plea form signed by the Defendant. According to the written plea form, Defendant had three years of college. The trial court also advised Defendant of the penalty range he was facing (two to ten years and/or a $10,000 fine) and advised Defendant that he was "facing a straight-up plea."[1] Defendant stated that he understood the range and the plea. Additionally, Defendant stated that he had not been induced to plead by any threats, pressure, or force. After the State recited the factual basis for the plea, the trial court asked Defendant if he agreed with the facts, and Defendant replied, "Yes, sir."

---

[1] The trial court incorrectly informed Defendant that he was facing "two to ten years, a $10,000 fine *or both*." (Emphasis added.) At the time Defendant committed the present offense, the penalty provision for La.R.S. 14:81.1(E)(1) called for a term of imprisonment *and* a fine of not more than $10,000. We find, however, that the trial court's misstatement is of no consequence since no minimum fine had to be imposed and no fine was imposed. *See State v. Francois*, 06-788 (La.App. 3 Cir. 12/13/06), 945 So.2d 865.

Upon accepting Defendant's plea, the trial court asked Defendant if he had read the Notification of Sex Offender form and if it had been explained to him. Defendant replied, "Yes, sir" and declined the trial judge's offer to explain it to him. When asked if he had any questions regarding the notification requirements, the Defendant responded, "No, sir." The trial judge then stated: "You understand the extremely strict requirement you're going to be under for the next 25 years as it relates to any of your employment, residences, moves that you might make, et cetera?" Defendant responded, "Yes, sir." The following colloquy then took place between Defendant and the trial judge:

THE COURT:
Okay. Likewise, - - do you have any questions sir?

MR. IRBY:
(Indicating negatively.)

THE COURT:
No. He's indicated no. Likewise, the Notification of Supervised Release, which sets forth various Louisiana statutes that apply to you now, would you like the Court to go over that form with you?

MR. IRBY:
No, sir. Not necessary.

THE COURT:
Your attorney has gone over the form - -

MR. IRBY:
Yes, sir.

THE COURT:
- - with you and explained it to you in detail, correct?

MR. IRBY:
Yes, sir.

THE COURT:
And answered any questions that you had?

MR. IRBY:

Yes, sir.

THE COURT:
I'll not repeat it unless you want me to.

MR. IRBY:
No, sir.

Considering the above colloquy between the trial court and Defendant, we agree with appellate counsel's assertion that the trial court did not abuse its discretion when it denied Defendant's request to withdraw his plea. Despite Defendant's claim at the motion to withdraw plea hearing that he thought he would have to register for only fifteen years, not twenty-five years, the trial judge found that it had done everything that needed to be done to make sure Defendant understood the consequences of his plea. We agree. Louisiana Revised Statutes 15:543(A) requires the court to "provide written notification" of registration and notification requirements for sex offenders. Written notification of the registration requirements was given to Defendant at the no contest plea hearing. Additionally, at the no contest plea hearing, the trial court asked Defendant if he had any questions regarding the notification requirements and asked if he wanted the trial court to explain the notification requirements to him. Although Defendant stated he had no questions and declined the trial judge's offer to explain the requirements, the trial court nevertheless asked Defendant if he understood the strict requirement he would be under for the next twenty-five years. Defendant responded that he understood. Thus, at the no contest plea hearing, Defendant was informed both in writing and verbally by the trial court that he would be required to register as a sex offender for twenty-five years.

At the motion to withdraw plea hearing, defense counsel informed the trial court that Defendant misunderstood his sentencing exposure, stating :

7

The sentencing is divided into basically three different areas: one, if the victim is 13 or less; one, if the victim is between 13 and 18; and another if the victim is over 18.

When he pled, there was [sic] the statements by the prosecutor which would give the basis for the time frame in which his sentencing would be involved, and he had a total misunderstanding of that. I don't know whether he misunderstood what the prosecutor was reading, but basically how that time frame, based on age, is split up in the statute. Because it's more if the victim is younger, and it is different if the victim has reached and is over the age of 13.

We find that the record does not support Defendant's claim of misunderstanding as to his sentencing exposure. The no contest plea form signed by Defendant specifically cites La.R.S. 14:81.1(E)(1), the general penalty provision for possessing pornography involving juveniles. At the time Defendant committed the instant offense, La.R.S 14:81.1(E)(1)(a) provided:[2]

Whoever intentionally possesses pornography involving juveniles shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than two years or more than ten years, without benefit of parole, probation, or suspension of sentence.

In addition to citing La.R.S. 14:81.1(E)(1), the no contest plea form set forth Defendant's sentencing exposure as two to ten years at hard labor, a fine of not more than $10,000, or both. At the no contest plea proceeding, the trial court informed Defendant that he was facing "two to ten years, a $10,000 fine or both."[3] According to Subsection (5) of La.R.S. 14:81.1(E), the penalty for pornography involving juveniles shall be increased if the victim was under the age of thirteen years and the offender was seventeen years of age or older. No mention, however,

_____

[2] In 2012, the legislature increased the penalty range to a fine of not more than $50,000 and imprisonment at hard labor for not less than five nor more than twenty years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:81.1 (E)(1)(a).

[3] As discussed in footnote 1, neither the trial court nor the guilty plea form should have used the terminology "or both." However, as also discussed in footnote 1, we find the misstatement is of no consequence.

is made of the age of the victims in the present case. Thus, we conclude that Defendant was sentenced under La.R.S. 14:81.1(E)(1), the general penalty provision for possession of pornography involving juveniles, the same penalty provision of which he was advised in the written plea form and in the trial judge's verbal colloquy at the no contest plea hearing.

Finally, at the motion to withdraw no contest plea hearing, defense counsel claimed that Defendant did not know he was allowed to speak when the trial judge asked him if he had any questions at the no contest plea hearing. The trial court found no merit to this claim, especially considering the fact that Defendant is "quite literate" and "expresses himself well in writing."

We find that it is clear from the colloquy between Defendant and the trial judge at the no contest plea hearing that none of Defendant's alleged misunderstandings came from the trial judge or the District Attorney. "It is well settled that if a defendant's misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there is no ground for invalidating the guilty plea." *State v. Readoux*, 614 So.2d 175, 176 (La.App. 3 Cir. 1993) (citing *State v. Malmay*, 548 So.2d 71 (La.App. 3 Cir. 1989); *State v. Jones*, 546 So.2d 1343 (La.App. 3 Cir. 1989)). As set forth above, the trial court's denial of a motion to withdraw guilty plea will not be disturbed absent an abuse of discretion. *Calhoun*, 694 So.2d 909. After reviewing the record, we find that no abuse of discretion occurred in the present case.

## *Excessiveness of Sentence*

Appellate counsel asserts that "given the defendant's prior felony convictions and the nature of the instant offense, an argument of excessive

9

sentence would be frivilous [sic]." Although the trial court imposed the maximum sentence in this case, we find the sentence not to be excessive.

At the time Defendant committed the offense of pornography involving juveniles, the general penalty range for the possession of such pornography was a fine of not more than $10,000 and imprisonment at hard labor for not less than two years nor more than ten years, without benefit of parole, probation, or suspension of sentence. *See* La.R.S. 14:81.1(E)(1).[4] Thus, the sentence imposed by the trial court, ten years at hard labor without benefits, was the maximum term of imprisonment that could be imposed. Before imposing sentence, the trial court asked the State if it had any argument. The State argued the following:

> This is not his first rodeo. He has a felony conviction in - - a felony drug conviction in Texas in '94, sentenced to 25 years. He also has one prior felony conviction to that.
>
> Your Honor, there were over hundreds of files of child pornography actually found on his computer. And given that fact, Your Honor, the State actually could have billed him with possession with intent, but we did not. So, I'm going to ask that the maximum sentence be imposed of ten years with Louisiana Department of Corrections.

In response, defense counsel argued:

> Your Honor, with regards to the priors, as you note, as [the State] said, his priors are not related to this type of crime. If it had been then, the State would have filed a *Prieur* motion.
>
> [The State] indicated that there were hundreds with regards to the matters that were downloaded. As you may note or may remember from the bill of information, there was only one count billed by the State. So, we would suggest to the Court that based upon the fact that this is - - and does involve still frames and does not involve a physically present victim of the minor age, we would suggest to the Court that the minimum of two years would be appropriate here. For the next 25 years the State will have their finger on Mr. Irby.

---

[4] Although the bill of information does not specify the applicable penalty provision, the no contest plea form cites La.R.S. 14:81.1(E)(1), which is the general penalty provision for intentionally possessing pornography involving juveniles.

The trial court then imposed the maximum sentence, stating the following:

> Well, given the defendant's history and given the nature of the claims against him in this matter, I'm going to sentence him to the maximum, ten years, without benefit. Credit for time served.

"The law is well settled concerning the standard to be used in reviewing excessive sentence claims." *State v. Decuir*, 10-1112, p. 11 (La.App. 3 Cir. 4/6/11), 61 So.3d 782, 790.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

> . . . [E]ven when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive, and in determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> > [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences

11

> imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.
>
> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061.

*Id.* at 790-91.

Finally, it is well settled that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. In this case, Defendant noted a general objection to the sentence but did not file a motion to reconsider sentence. According to La.Code Crim.P. art. 881.1(E), Defendant's failure to file a motion to reconsider sentence would preclude him from seeking review of his sentence:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

*See also State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59; *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356. Even assuming Defendant's excessive sentence claim could have been raised on appeal, any argument would be limited to a bare claim of excessiveness. *See State v. Eubanks*, 12-896 (La.App. 3 Cir. 4/10/13), 112 So.3d 1064.

Although the scant reasons given by the trial court in the present case could be considered as inadequate compliance with La.Code Crim.P. art. 894.1, this court

has found that there is no need to remand for resentencing if an adequate factual basis for the sentence is contained in the record. *State v. Anderson,* 95-1688 (La.App. 3 Cir. 5/8/96), 677 So.2d 480. We find that the record in the instant matter contains an adequate factual basis for the sentence imposed. The PSI ordered by the trial court in the present case revealed that Defendant had three prior felony convictions for drug offenses. Thus, Defendant was considered a fourth felony offender. Although the record contains no verbal discussion, the words "NO MULTIPLE BILL" are circled on the written plea form. Additionally, the State asserted that even though Defendant was charged with one count of pornography involving juveniles, Defendant possessed "over hundreds of files of child pornography." Thus, the State argued that it could have charged Defendant with possession with the intent to distribute. Additionally, according to the Louisiana Supreme Court's holding in *State v. Fussell*, 06-2595, p. 1 (La. 1/16/08), 974 So.2d 1223, 1224, Defendant could have been charged separately "for each child, in each performance, captured in any photographs, films, videotapes, or other visual reproductions that a defendant intentionally possesses."

Finally, this court has reviewed the jurisprudence to compare the maximum sentence imposed on the present Defendant with the sentences imposed on other similarly situated defendants. The sentence received by Defendant appears to be on the high end when compared to defendants who were convicted, pled guilty, or pled no contest to a single count of pornography involving a juvenile.[5] The

---

[5] In *State v. Daigle*, 11-1209 (La.App. 3 Cir. 5/2/12), 93 So.3d 657, *writ denied,* 12-1255 (La. 11/16/12), 102 So.3d 30, Daigle was sentenced to two years without benefits after he pled guilty to one count of pornography involving juveniles. In *State v. Grudewicz*, 10-958 (La.App. 3 Cir. 3/23/11), 59 So.3d 568, Grudewicz pled no contest to one count of pornography involving juveniles and was sentenced pursuant to a plea agreement to two years without benefits. In *State v. Roberts*, 01-154 (La.App. 3 Cir. 10/3/01), 796 So.2d 779, *writ denied*, 01-2974 (La. 9/20/02), 825 So.2d 1163, Roberts was sentenced to four years without benefits after he was convicted of one count of pornography involving juveniles. In *State v. Horton*, 42,199 (La.App. 2 Cir.

13

sentence is in line, however, with sentences imposed on defendants charged with multiple counts of pornography involving juveniles.[6] This court is well aware of the Louisiana Supreme Court's repeated admonition to the courts of appeal that "the Louisiana constitution does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is more appropriate in a given case." *State v. Savoy*, 11-1174, p. 5 (La. 7/2/12), 93 So.3d 1279, 1283. Considering this admonition, Defendant's prior felony history, and

6/20/07), 962 So.2d 459, *writ denied*, 07-1819 (La. 1/25/08), 973 So.2d 755, Horton was sentenced to seven years without benefits after a jury found him guilty of pornography involving juveniles. Over 100 pages of pornography involving juveniles were found on Horton's computer, over 300 VHS tapes of adult pornography were seized from Horton's home, and CD-ROMs and computer diskettes (one of which included pornography involving juveniles) were seized from Horton's home. In *State v. Stapleton*, 40,772 (La.App. 2 Cir. 3/8/06), 924 So.2d 453, Stapleton was sentenced to five years without benefits following his conviction of pornography involving juveniles. Approximately 102 images of child pornography and an additional sixty-nine images of "child erotica" were found on floppy discs seized from Stapleton's home. *Id.* at 456. In *State v. Morales*, 12-21 (La.App. 5 Cir. 10/30/12), 102 So.3d 1038, Morales was sentenced to four years without benefits and a $5,000 fine after he pled guilty as charged to one count of pornography involving juveniles. Although the opinion does not specify the number of photographs possessed by Morales, the number is described as "large." *Id.* at 1040. Morales had no previous criminal history. In *State v. Longo*, 08-405 (La.App. 5 Cir. 1/27/09), 8 So.3d 666, Longo received a three-year sentence without benefits after he was found guilty of pornography involving juveniles. Twenty-five images of child pornography were found on Longo's computer.

[6] In *State v. Kujawa*, 05-470 (La.App. 1 Cir. 2/22/06), 929 So.2d 99, *writ denied*, 06-669 (La. 10/6/06), 938 So.2d 65, Kujawa pled guilty to fifteen counts of pornography involving juveniles. Although Kujawa was originally sentenced to four years on each count, to run consecutively, Kujawa was eventually resentenced to ten years and a $10,000 fine on each count, to run concurrently. In *State v. Calhoun*, 94-2568 (La.App. 1 Cir. 2/23/96), 669 So.2d 1359, Calhoun pled guilty to one count of pornography involving juveniles and was sentenced to the maximum sentence of ten years without benefits. In a separate docket number, Calhoun also pled guilty to one count of molestation of a juvenile. Although Calhoun was a first felony offender, he had a significant criminal history, including a prior arrest for juvenile pornography. Calhoun actually photographed the victim performing sexually. In *State v. Wright*, 45,980 (La.App. 2 Cir. 1/26/11), 57 So.3d 465, *writ denied*, 11-421 (La. 9/2/11), 68 So.3d 520, Wright was convicted of twenty-three counts of pornography involving juveniles and was sentenced to ten years on each count, some to run concurrently and some to run consecutively. Thus, Wright was sentenced to a total of twenty years. Finally, in *State v. Hearn*, 09-434 (La.App. 5 Cir. 12/29/09), 30 So.3d 873, Hearn was originally charged with twelve counts of pornography involving juveniles but entered a guilty plea to only two counts. Hearn was sentenced to eight years and four months without benefits on each count of pornography involving juveniles, to run concurrently with one another. Although Hearn was a first felony offender with a good employment and military history, the fifth circuit upheld the sentence. The fifth circuit noted the benefit Hearn received by the State dismissing ten of the twelve counts of pornography and the overwhelming number of images and movies involved (7637 images and 642 movies).

the fact that the State could have charged Defendant with multiple counts of pornography in light of the number of files found, we conclude that the trial court did not abuse its discretion in imposing the maximum sentence.[7]

Our review of the record reveals no issues that would support an assignment of error on appeal. Therefore, Defendant's conviction and sentence are affirmed, and appellate counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW IS GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[7] Defendant's sentence would be a mid-range sentence under the penalty range as amended in 2012. La.R.S. 14:81.1(E)(1)(a).