834 So.2d 972 (2002)
STATE of Louisiana
v.
Bradley Keith PHILLIPS.
State of Louisiana
v.
Lawrence P. Clemons.
Nos. 2002-K-0866, 2002-K-0918.
Supreme Court of Louisiana.
November 22, 2002.
Writ Denied.
CALOGERO, C.J., dissents from denial of the writ, votes to grant, and assigns reasons.
JOHNSON and WEIMER, JJ., would grant the writ.
CALOGERO, Chief Justice, dissenting from the denial of the writ, voting to grant the writ, and assigning these reasons:
For many years the law in this state was that an appellate court could not amend or set aside an illegally lenient sentence on its own motion, when the defendant alone had appealed and the state had not sought review of the sentence. State v. Jackson, 452 So.2d 682 (La.1984); State v. Napoli, 437 So.2d 868 (La.1983). We reasoned that an unsought modification of a sentence by an appellate court "either is or appears to be retaliatory in nature," and may have an unconstitutional "chilling effect" on the exercise of a defendant's right to appeal, a right that is favored under our law. Jackson, 452 So.2d at 683.
In 1999, the legislature passed La.Rev. Stat. 15:301.1, entitled "Sentences without benefit of probation, parole, or suspension of sentence; correction," which provides that when a criminal statute requires that all or a portion of a sentence imposed for a violation of a statute be served without benefit of probation, parole, or suspension of sentence, each sentence imposed under the provisions of that statute shall be deemed to contain these provisions, regardless of whether the district court has inadvertently or purposefully omitted this language. This court held in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d *973 790, that § 301.1 authorized an appellate court to correct an illegally lenient sentence absent any complaint by the state and where a defendant is the only party bringing an appeal. The Williams decision was not unanimous, however, for I dissented (and Justice Pro Tempore Lobrano concurred). I pointed out in my dissent that the majority's result creates a chilling effect on a defendant's exercise of his constitutional right to appeal and offends La. Const. art. I, § 19, which guarantees Louisiana citizens a right to judicial review.
The title and language of § 301.1 make clear that it applies only to situations where a criminal statute requires a defendant to serve his sentence without the benefit of probation, parole, or suspension of sentence. These consolidated writ applications, which a majority of this court has declined to grant, present the situation where the appellate court, in the absence of an appeal by the state, has amended a sentence to include a fine mandated by the relevant criminal statute. The majority of this court believes that these writ applications are governed by Williams. The Williams court, however, based its holding on § 301.1, which does not address sentencing restrictions other than parole, probation, or suspension of sentence. Consequently, mandatory fines continue to be governed by La.Code Cr. Proc. art. 882, which states that "an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review," and that "a sentence may be reviewed as to its legality on the application of the defendant or of the state...." Unlike § 301.1, which is self-activating, this court held in State v. Fraser, 484 So.2d 122 (La.1986), that article 882 requires the state to apply for appellate review of an illegally lenient sentence.[1]
The Williams decision does not sweep broadly enough to overrule Fraser and hold that the state need not appeal the district court's failure to impose a statutorily mandated fine. The law in Louisiana regarding an appellate court's imposition of mandatory fines on its own motion continues to be governed by the Fraser court's interpretation of article 882: the state must seek appellate review of the district court's failure to impose a statutorily mandated fine. The courts of appeal in these consolidated cases therefore erred in amending the defendants' sentences to include a fine in the absence of complaint by the state. The failure of this court to grant these writ applications and correct the courts of appeal's erroneous application of Williams to the distinguishable cases here represents an unsupported erosion of governing statutes and jurisprudential rules. Accordingly, I would grant the defendant/relators' writ applications to consider the defendants' contentions that an appellate court may not tamper with a district court's failure to impose a mandatory fine unless the state is seeking relief by appeal or writ application.
NOTES
[1] In the Clemons writ, the criminal statute at issue is La.Rev.Stat. 14:95(E), which provides that "the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for no less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence." (Emphasis added). Whether this statute mandates a fine in some minimum amount is a question not entirely free from doubt. After all, a fine of zero qualifies as "not more than ten thousand dollars."