1 .MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

On January 16, 2003 the State filed a bill of information charging the defendant with simple rape, a violation of La. R.S. 14:43. On March 10, 2003 he pleaded not guilty. A hearing on motions was set and reset; *27 bn November 21, 2003 the defendant waived the motions, and trial was set. On March 15, 2003 prior to trial several pretrial motions were decided. The -trial court denied the State’s motion in limine and held that it would allow evidence relative to the defendant’s character. The State filed in this Court a motion for a stay/application for a supervisory writ, which was denied- on March 15, 2004. A bench trial proceeded. The trial court then found the defendant guilty of sexual battery, a violation of La. R.S. 14:43.1. Sentencing was set.for June-21, 2004, and a pre-sentence investigation was ordered. On June 21, 2004 prior, to sentencing the defense filed a motion to reconsider. sentence. Sentencing was reset for July 7, 2004. The defense apparently had filed a motion to reconsider verdict, which was granted by the trial court on July 7, 2004. The court vacated the verdict of guilty of sexual battery and found the defendant not guilty. The State now appeals.

\ STATEMENT OF FACTS

A detailed statement of the facts related to the alleged offense is not necessary since the issue presented is a legal one. As necessary in our disposition relevant facts will be provided.

ERRORS PATENT

Since this appeal has been filed by the State the customary errors patent review is not necessary.

DISCUSSION

ASSIGNMENT OF ERROR NUMBER 1

In its brief the State argues that the trial court erred by granting the defense motion to reconsider the verdict and entering a verdict of not guilty. In the defense brief counsel argues that such a motion is permitted and the trial court was correct in granting the motion to reconsider the verdict because the evidence was insufficient to establish the defendant’s guilt.
In the motion to reconsider the verdict filed below, the defense noted that the alleged victim made no complaint for two days, and then she told her employer, her physician (whom she was seeing for another reason), and then the police. Defense counsel pointed out inconsistencies between what the victim told Officer Neely and Patricia Plant and her testimony at trial. Defense counsel claimed that that there was no trial testimony that the victim told the defendant “No.” Counsel also noted that the bruises the State had used to show that there had been a struggle could be explained by the victim’s use of Coumadin,' a blood thinner, along with her consumption of alcohol. According to the motion, the lack of vaginal bruising |3or tearing corroborated consensual sex, and her testimony that her dress was undamaged before her dog ate it discounted the fact that a struggle had occurred. Defense counsel also argued that the victim’s credibility was in doubt because of the contradictions noted above; counsel claimed that the victim lied to the trial court when she said that it had been years since she used marijuana (because her blood test at the hospital was positive for marijuana).
In its response the State argued that the trial court was aware of the inconsistencies prior to rendering its decision, and no new information had been provided in the motion. It noted that consent was not an element of simple rape; the victim had to be too intoxicated to consent, and the defendant had to know or should have known the victim’s intoxicated state. The State noted that the defendant admitted in his testimony that he knew that the victim had been drinking heavily throughout that evening. It noted that the court had listened to the victim’s testimony and had given it *28 credence before rendering its verdict. The State argued that the defense has filed what amounts to a motion for a post verdict judgment of acquittal under La. C.Cr.P. 821, which provides that the trier of fact must view the evidence in the light most favorable to the State. Under that standard the motion should have been denied.
In granting the motion to reconsider the verdict, the trial court merely stated: “The Court, this was a Bench Trial, a Trial that the Court heard the testimony, heard the evidence, saw the evidence as presented. And having read the Defense’s Motion and the State’s Response, the Court at this time will grant the Defendant’s Motion for Reconsideration of Verdict and enter a Verdict of Not Guilty.” It is difficult to determine what made the trial court grant the motion to reconsider |4when it had found the defendant guilty of the lesser and included offense of sexual battery only months before.
In its appellant’s brief the State argues that the defendant’s “motion to reconsider verdict and enter verdict of not guilty” was actually a motion for a post verdict judgment of acquittal; however, it could find no precedent for the granting of such a motion after a bench trial.[1] The State argues that in the cases where the trial court granted such a motion after a jury trial, appellate review focuses on the standard for the sufficiency of the evidence. The State contends that the victim’s statements were not inconsistent; the differing statements were the result of the victim attempting to piece together her memories of the incident during which she experienced blackouts. The State argues that it never claimed that there had been a struggle; the victim testified that she continually fell down and the defendant grabbed her and pulled her up. It notes that the bruising does not substantiate the defendant’s claim that the victim forced herself on him. It contends" that the doctor testified only that it was possible that a person on Coumadin could bruise easier. When asked if Coumadin combined with alcohol created a much greater risk of bruising, the doctor answered that it could do that. The State argues that the victim did not lie to the trial court when she stated that she had not used drugs since 1996 or 1997 when she received an artificial heart valve. The State notes that the victim testified that she valued her job where she could be drug tested at any time; however, she acknowledged that the blood test indicated that she had marijuana in |sher system although she did not remember smoking marijuana that night and did not know how it got into her system.
In the defendant’s/appellee’s brief counsel argues that the trial court was in the best position to reconsider its own guilty verdict and to determine that the evidence was legally insufficient to establish guilt and that the court as the finder of fact had weighed and evaluated the evidence incorrectly at trial. Defense counsel concedes that the “case law is barren regarding reconsideration, at the trial level, of verdicts resulting from bench trials.” Yet counsel does not conclude that there is no provision for a motion to reconsider verdict after a bench trial. Instead he relies *29 on La.C.Cr.P. art. 3, which provides that “[w]here no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code ...to argue that the trial court was acting in the spirit of the code, and its judgment should be affirmed. Counsel construes the language in La.C.Cr.P. art. 822,[2] “[sjhould the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or guilty plea ....,” in a manner to secure simplicity in procedure and fairness in administration pursuant to La.C.Cr.P. art. 2, and concludes that a defendant may move to reconsider a verdict. Noting that art. 822’s non-exclusive |filist of such motions does not include a motion to reconsider verdict, counsel argues that under La.C.Cr.P. art. 3, the motion was correct in the situation. Defense counsel then argues that in the event that the motion “was in essence an in-artfully styled motion under article 821” the trial court properly granted the motion for a post verdict judgment of acquittal.
There is no Louisiana statutory provision for a motion to reconsider verdict and enter verdict of not guilty. Defense counsel’s argument to find statutory support for the motion is not persuasive. The filing of a motion to reconsider verdict and enter a verdict of not guilty was procedurally improper.
The State contends that in essence the defense motion was a motion for a post verdict judgment of acquittal, and defense counsel finally makes an argument that if the motion were so construed, the trial court was correct. La.C.Cr.P. art. 821 provides in pertinent part:
A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
In its brief the State notes that it could find no precedent where a trial judge granted a motion for post verdict judgment of acquittal after finding the defendant guilty at a bench trial. Clearly the motion was designed to be utilized by a defendant after a jury verdict of guilty. In State v. Williams, 420 So.2d 1116 (La.1982), the Louisiana Supreme Court noted that directed verdicts in jury trials became unavailable with the 1975 amendment to *30 La.C.Cr.P. Art. 778. The Court went on to discuss the legislative act adding La. C.Cr.P. art. 821:
|7Act 144 of 1982, effective September 10, 1982, grants authority to the Trial Judge to grant a post-verdict judgment of acquittal, when the Court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. This Act, a legislative response to the problem created by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 650 (1979), and Burks v. U.S., 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), is not applicable to motions made prior to the jury verdict, and is applicable only to cases tried after September 10, 1982.
(Emphasis added) Id. at 1121, fn. 1. See also State v. Johnson, 440 So.2d 197, 200, fn. 1 (La.App. 3 Cir.1983).[3] We conclude that filing a motion for post verdict judgment of acquittal in a bench trial was procedurally improper.
Here the trial court had heard the case as the trier of fact and found the defendant guilty of the lesser included offense of sexual battery. Then a few months later without additional evidence,[4] the trial court granted the motion to reconsider verdict and enter verdict of not guilty, vacated the prior guilty verdict, and found the defendant not guilty. However, the State argues that even under the standard of La. C.Cr.P. art. 821, the trial court should have denied the motion nonetheless.
A post-verdict judgment of acquittal is to be granted only if the court finds that the evidence, viewed in the light most favorable to the prosecution, does not reasonably permit a finding of guilty. La. C.Cr.P. art. 821. State v. Thornton, 611 So.2d 732, 734 (La.App. 4 Cir.1992). That is similar to the standard for [¡¡appellate review of the sufficiency of evidence to support a defendant’s conviction that the court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Brown, 620 So.2d 508, 513-514 (La.App. 4 Cir.1993). See also State v. Hampton, 98-0331 (La.4/23/99), 750 So.2d 867, 880.
The defendant was charged with simple rape, which is defined in La. R.S. 14:43, which provides in pertinent part:
A. Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:
(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim’s incapacity.
(2) When the victim is incapable, through unsoundness of mind, whether temporary or permanent, or understand *31 ing the nature of the act and the offender knew or should have known of the victim’s incapacity.
(3) When the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender.
The trial court found the defendant guilty of the lesser included offense of sexual battery, which is defined in La. R.S. 14:43.1, which provides in pertinent part:
A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
lii(l) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.
Defense counsel points to the victim’s different versions of what happened; however, the State persuasively argues that the trial court heard the victim’s piecemeal memories of the incident and apparently found her somewhat credible in order to find the defendant guilty of sexual battery. Counsel argues that there was insufficient proof of the lack of consent, but the State notes that it was proving simple rape. Defense counsel claims that the victim never told the defendant “No” and did not yell. However, counsel cross-examined the victim extensively on that point, and the court apparently had concluded that the elements of the offense had been proven before returning the guilty verdict. Defense counsel cites State v. Schenck, 513 So.2d 1159 (La.1987), for the proposition that the State had to prove that the victim was forced to submit because the perpetrator placed her in fear of receiving bodily harm. The version of La. R.S. 14:43.1 at issue in Schenck was amended in 1991 to replace that language with the phrase “without the consent of the victim.” The State persuasively argues that when viewed in the light most favorable to the prosecution, the evidence supports the trial court’s initial verdict of guilty of sexual battery. The victim testified that the defendant forced her to have sexual intercourse, and the sexual examination, including the bruising of her cervix and the extreme bruising on the inside of the victim’s legs, corroborated that testimony. The trier of fact apparently concluded that there was sufficient evidence to prove sexual battery when it returned the guilty verdict. If the motion |inhad been proper procedurally, based on the victim’s testimony, it would be difficult to affirm a post verdict judgment of acquittal.
However, in this case the motion to reconsider verdict and enter a verdict of not guilty was procedurally improper. The motion, if construed to be a motion for post verdict judgment of acquittal, was procedurally improper after a bench trial.

CONCLUSION

For the above reasons the judgment granting the motion to reconsider verdict and enter a verdict of not guilty is reversed, and the original verdict of guilty of sexual battery is reinstated. The case is remanded for sentencing and further proceedings consistent herewith.
REVERSED; VERDICT OF SEXUAL BATTERY REINSTATED; REMANDED FOR FURTHER PROCEEDINGS.
TOBIAS, J., concurs in the result and assigns reasons.

. We have been unable to find any cases in which the trial judge found the defendant guilty at a bench trial and then granted a motion for post verdict judgment of acquittal. The motion was designed to be used by a defendant after a jury, found him guilty of the crime charged. See also State v. Johnson, 440 So.2d 197, 200, fn. 1 (La.App. 3 Cir. 1983), which declared: Thai newly enacted "article [C.Cr.P. art. 821] allows the trial judge to enter a post-verdict judgment of acquittal in jury trials when the evidence fails to support the conviction entered.”

. La.C.Cr.P. art. 822, which is entitled motion for amending or modifying sentences, provides:
A (1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.
(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
B. Additionally, if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney.
C. Each motion to set aside a guilty verdict or plea of guilty and each motion to amend or modify a sentence imposed shall be filed, considered, and decided in compliance with Code of Criminal Procedure Articles 881 and 881.1.

. In Johnson, 440 So.2d at 200, fn. 1, the Third Circuit stated that the newly enacted "article [C.Cr.P. art. 821] allows the trial judge to enter a post-verdict judgment of acquittal in jury trials when the evidence fails to support the conviction entered.” (Emphasis added) See also State v. Simmons, 621 So.2d 1135 (La.App. 4 Cir.1993), a forcible rape case where the trial court granted a motion for post verdict judgment of acquittal after a guilty jury verdict, and entered a verdict of sexual battery.

. The State noted in its brief that no new or additional evidence had been presented. However, it noted that prior to granting the motion, the trial court received the presen-tence investigation report, which indicated that the defendant could not be given probation for that crime.