STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-522


STATE OF LOUISIANA

VERSUS

ASHAKI OKUNG KELLY



**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 9053-13
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.


Amy, J., concurs in part, dissents in part and assigns reasons.


**CONVICTION AFFIRMED; SENTENCE VACATED. THIS CASE IS REMANDED TO THE TRIAL COURT FOR SENTENCING CONSISTENT WITH THIS OPINION.**

**John Foster DeRosier**
**District Attorney**
**Karen C. McLellan**
**Assistant District Attorney**
**14th Judicial District Court**
**Post Office Box 3206**
**Lake Charles, Louisiana 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**400 Travis Street, Suite 1702**
**Shreveport, Louisiana 71101-3144**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ashaki Okung Kelly**

**CONERY, Judge.**

On March 14, 2013, a Calcasieu Parish Grand Jury indicted Defendant, Ashaki Okung Kelly, charging him with three counts of aggravated rape of D.V.,[1] a juvenile victim under the age of thirteen with date of birth May 29, 2000, in violation of La.R.S. 14:42.[2] The grand jury also charged Defendant with three counts of oral sexual battery of juvenile victim A.V. The trial court conducted a bench trial pursuant to stipulation of the parties on May 21, 2013, and found Defendant guilty of the responsive verdict[3] of one count of a lesser-included offense, molestation of the juvenile, D.V., in violation of La.R.S. 14:81.2 with offense date of November 24, 2012. The court acquitted Defendant on all other charges.

At a sentencing hearing on October 2, 2013, the court sentenced Defendant to fifteen years at hard labor, without benefit of parole, probation, or suspension of sentence. On October 4, 2013, the court informed Defendant, in open court, regarding his duty to register as a sex offender.

Defendant now appeals his conviction, assigning two errors. Defendant's assignments of error lack merit and we affirm Defendant's conviction. We vacate Defendant's sentence, finding it to be an illegal sentence, and remand this case to the trial court for resentencing pursuant to La.R.S. 14:81.2(D)(1).

---

[1] The victim's initials are used pursuant to La.R.S. 46:1844(W).

[2] The State amended the bill on May 21, 2013, to reflect the correct initials for the first victim as D.V. instead of D.C.

[3] Louisiana Code of Criminal Procedure Article 814(A)(8.1) lists guilty of molestation of a juvenile as a responsive verdict to aggravated rape of a child under the age of thirteen.

## FACTS AND PROCEDURAL HISTORY

Two sisters, D.V. and A.V., were living with their mother and her fiancé, Defendant herein. The two minor children claimed that Defendant inappropriately touched them while he was watching them when their mother was at work. Following an investigation, Defendant was charged by a Calcasieu Parish grand jury by bill of indictment with three counts of aggravated rape of D.V., a juvenile under the age of thirteen with date of birth May 29, 2000, and two counts of oral sexual battery of A.V., in violation of La.R.S. 14:42 and 14:43.3, respectively. Defendant waived his right to a jury trial and his case proceeded to a bench trial on May 21, 2013. The grand jury indictment alleged and the evidence at trial showed through the testimony of D.V. that Defendant had inappropriately touched her on November 24, 2012, and that she had timely reported that incident to her mother and to the authorities. Further, D.V. testified at Defendant's May 21, 2013 trial that she was twelve years old when the November 24, 2012 incident occured.

Based on the evidence presented at trial, the trial court found Defendant guilty of the responsive verdict of molestation of a juvenile. It was uncontradicted that D.V.'s date of birth was May 29, 2000, and that the date of molestation was November 24, 2012. Therefore, there was no factual dispute that the victim was twelve at the time of the incident on November 24, 2012, as well as the fact that the victim was under the control and supervision of Defendant at all times pertinent hereto.

Louisiana Revised Statutes 14:42 defines aggravated rape, in pertinent part, as:

> A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is

deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:

. . . .

(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.

Molestation of a juvenile is a proper responsive verdict to aggravated rape. La.Code Crim.P. art. 814. Louisiana Revised Statutes 14:81.2 defines molestation of a juvenile, in pertinent part, as:

A. (1) Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

The legislature has set forth enhanced penalties for molestation of a juvenile where, as here, the victim is under the age of thirteen:

D. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

La.R.S. 14:81.2(D)(1).

Following the trial court's entry of the responsive verdict of molestation of a juvenile pursuant to La.Code Crim.P. art. 814 and La.R.S. 14:81.2, the trial court held a post-trial status conference on June 12, 2012, wherein the trial court acknowledged that the mandatory minimum sentence for molestation of a juvenile under thirteen was twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. The trial court then requested that the State and

3

Defendant meet to see if an agreement on a lesser sentence could be reached, presumably in accordance with La.Code Crim.P. art. 890.1(A)(2):[4]

> But I'm not really inclined to give him the 25 years if I can get around it. Okay. But I think he ought to have some substantial time.
>
> It would be really nice if y'all could work out a sentencing recommendation and just let me sentence the man to that and be done with it. And it wasn't 25 years but it wasn't 10 years either, okay. It was somewhere in between that, that I thought would be an appropriate sentence based on what we have.
>
> So y'all talk about it. If y'all can't work it out then I'll deal with it. I will have a motion for a new trial and I can consider that. But I'm gonna use the resources the Court has within the discretion of the Court in order to accomplish what the Court thinks is fair in this case. And I think a fair sentence would be between 10 and 25 years, but not 24 25 years and not ten years. So y'all talk .

No such agreement to reduce sentence was reached, nor was it permissible in this case, as La.Crim.P. art. 890.1(D) provides, "D. The provisions of this Article shall not apply to a sex offense as defined in R.S. 15:541 or to any of the following crimes of violence." The definition of "sex offense" as set forth in La.R.S. 15:541(24)(a) includes La.R.S. 14.81.2, molestation of a juvenile.

Defendant then filed post-trial motions, including a motion to reconsider verdict and/or a motion for a new trial, and a hearing was set for the same day as sentencing. The trial court heard and denied all post-trial motions on October 2, 2013, refused to reconsider its verdict, and reaffirmed its verdict that there was sufficient evidence presented at trial to prove Defendant guilty of molestation of the juvenile D.V. beyond a reasonable doubt.

---

[4] Louisiana Code of Criminal Procedure Article 890.1(A)(2) provides, "In cases resulting in trial, the prosecution, the defendant, and the court entered into a post-conviction agreement, which specifies that the sentence shall be served with benefit of parole, probation, or suspension of sentence or specifies a reduced fine or term of confinement."

4

At sentencing on October 2, 2013, the trial court attempted to "take back" the finding that the victim was under the age of thirteen. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Supreme Court held that facts that could potentially increase the penalty for the crime charged beyond the maximum must be submitted to the jury and proven beyond a reasonable doubt to be able to be used by the judge when sentencing the defendant. The grand jury indictment specifically alleged that the victim's date of birth was May 29, 2000. The indictment alleges on its face that the victim was twelve at the time of the alleged offense with a date of November 24, 2012, and, indeed, those dates were not in controversy. *See State v. Breaux*, 13-917 (La.App. 3 Cir. 2/12/14) (unpublished opinion) (holding that there was sufficient evidence that the victim was under the age of thirteen at the time of the crime, substantiating the enhanced penalty under molestation of a juvenile); *State v. Moses*, 13-54, p. 5 (La.App. 3 Cir. 6/5/13) (unpublished opinion) (holding that "Because Defendant was the only adult present, and [the victim's mother] allowed [the victim] to leave home with Defendant, Defendant had supervision and control of N.M.").

As to the post-trial motions filed, a motion for post judgment verdict of acquittal[5] can be used by a defendant after a jury enters a verdict of the crime charged, but not after a bench trial, as in this case. There is no procedural mechanism for a motion to reconsider verdict. *See State v. Williams*, 04-1377 (La.App. 4 Cir. 12/1/04), 891 So.2d 26). In *Williams*, the fourth circuit stated:

> Unlike a civil case where a trial judge may change his or her mind after rendering a judgment in a bench trial within the time delays for a new trial, the legislature has provided no procedural mechanism for a

---

[5] *See* La.Code Crim.P. art. 821.

5

defendant to seek a reversal of a conviction decision made in a bench trial.

*Id*. at 32.

While a trial court has discretion to grant a new trial for sufficient grounds alleged pursuant to La.Code Crim.P. art. 851,[6] no such grounds were alleged in this case. In fact, the motion in question is not in the record. In any event, the trial court denied the motions and upheld the verdict of molestation of a juvenile. We note that the trial court had no specific procedural basis on which to "take back" his *Apprendi* finding that the victim was under the age of thirteen. Indeed, the victim's date of birth was not at issue and is not in the category of factual findings that can be "taken back," absent proof that the date of birth was factually incorrect.

---

[6] Louisiana Code of Criminal Procedure Article 851 states:

A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.

B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:

(1) The verdict is contrary to the law and the evidence.

(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

(6) The defendant is a victim of human trafficking or trafficking of children for sexual purposes and the acts for which the defendant was convicted were committed by the defendant as a direct result of being a victim of the trafficking activity.

Here, both the victim and the mother testified that the victim was twelve years old at the time of the incident. The grand jury indictment alleged and the trial court had specifically noted the victim's date of birth and the date the offense was committed:

> However, I do think it has been established beyond a reasonable doubt, to me, that the defendant is guilty of molestation of a juvenile, and I think that juvenile was D. C.[7] *Her date of birth is 5/29/2000.*
>
> . . . .
>
> And so therefore I will find him guilty, because I think sufficient evidence supports beyond a reasonable doubt conviction only on this charge, molestation on the person of D. V. on *[November] 24th, 2012*, within the bill of information, in Calcasieu Parish. She said it happened Saturday. She was staying on Winterhalter Street, and so I think all elements of that crime was proven. So I find him so guilty -- so find the defendant guilty of that charge.

(Emphasis added.) Nevertheless, the trial court later stated at the October 2, 2013 sentencing hearing:

> So the defendant is before the court for sentencing and let the Court note the record – that the Court found the defendant guilty of molestation of a juvenile with a date of offense being *November 24, 2012.* That was the Court's finding. Okay?
>
> So I'm going to sentence him consistent with that finding. *The Court did not make a finding that he was guilty of molestation of a juvenile of a person under the age 13. That was not a court finding.*
>
> The Court was very specific in its finding. The Court finds the defendant guilty of molestation of a juvenile with an offense date occurring on the - - where is that? I've got it right here - - of *November the 24th, 2012.* Now I go to the statute and look at molestation of a juvenile.
>
> . . . .

---

[7] The State amended the bill on May 21, 2013, to reflect the correct initials for the first victim as D.V. instead of D.C.

81.2. It says, "Whoever commits the crime of molestation of a juvenile, when the victim is 13 years of age or older but has not yet attained the age of 17, shall be fined not more than $5,000 or imprisonment with or without hard labor for not less than five years nor more than ten years." If it's under the age of 13, of course, it's 25 to life.

The Court did not make a finding that the victim was under the age of 13, that the victim - -

. . . .

Let me read this other statute. (Reviewing statute.) Okay. So the Court finds that the defendant, sir, you are guilty of molestation of a juvenile, and that the Court also will find - - *did not make a finding under age 13 but certainly was under the age of 17.* So your sentencing range is from 5 to 20 years. And the Court will sentence you therefore to 15 years Department of Corrections, without the benefit of parole, probation or suspension of sentence.

That's my sentence because I made a finding that the victim was under the age of 17, *but I did not make a finding that the victim was under the age of 13. So between 13 and 17 is the range.* And I'm going to make that sentence. I think it's within the statute.

. . . .

We can do that [filling out sex offender notification forms] Friday. We'll do that Friday. He [the Defendant] said he don't understand stuff. Go explain it to him, what happened today, *and that he just missed a 25-year sentence. And if he keeps talking, I'm going to change my mind. Okay?*

(Emphasis added.) The trial court, pursuant to stipulation of defense counsel to waive sentencing delays,[8] then sentenced Defendant to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence on the charge of molestation of a juvenile, but did not specify the subsection of La.R.S. 14:81.2 under which it was determining Defendant's sentence.[9]

---

[8] *See* La.Code Crim.P. art. 873.

[9] Here, the trial court was likely referring to the sentencing provision of La.R.S. 14:81.2(B)(2), which states:

Following the imposition of Defendant's sentence, Defendant appealed, assigning two errors for our review. The State responded to Defendant's assignments of error, but did not assert any error of its own on appeal and did not object at sentencing to the trial court's sentence as being illegal. Defendant, likewise, did not appeal the sentence. No opportunity was afforded to the victim or her family members to speak on the issue of sentencing pursuant to La.R.S. 46:1844.

## ASSIGNMENTS OF ERROR

### *Assignment of Error One*

In his first assignment of error, Defendant argues the trial evidence was insufficient to support his conviction. The analysis for such a claim is well-settled:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

---

(2) Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both. The defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.

Defendant argues that the victims, who both testified, were not credible. He points out that the trial court questioned the credibility of the girls on several points.

A review of the transcript of the trial court's reasoning shows that the trial court closely scrutinized the credibility of the victims in the present case. Defendant complains that the testimony suggested that some unknown person had spoken to the girls about their allegations and for that reason, the allegations were not credible. The trial court noted that the victims used terminology that did not seem normal for young girls. Thus, the record demonstrated that the trial court took into account the potential role such an unknown party could have played. The trial court's negative assessment of that role was part of its overall assessment of much of the victims' testimony and ultimately benefitted Defendant, as the State was seeking a conviction on three counts of aggravated rape of D.V., which carries a life sentence on each count. Further, based on the trial court's analysis of credibility, Defendant was acquitted of two counts of oral sexual battery of A.V., each count carrying a potential penalty of up to ten years at hard labor.

Defendant also complains that some of the trial court's language indicated that it did not adhere to the reasonable doubt standard. For example, Defendant points out that the trial court remarked that some testimony led it "to believe more than likely that child was, in fact, molested." However, we believe that the record as a whole clearly shows that the trial court applied the reasonable doubt standard to the evidence and correctly found Defendant guilty of the responsive verdict of molestation of the juvenile, D.V. The trial court stated:

> However, I do find that the child was, I think, molested on Saturday, the 24th of November 2012. That is within the time frame that the aggravated rape charge is alleged in the bill.

. . . .

And so therefore I will find him guilty, because I think sufficient evidence supports beyond a reasonable doubt conviction only on this charge, molestation on the person of D. V. on [November] 24th, 2012, within the bill of information, in Calcasieu Parish. She said it happened Saturday. She was staying on Winterhalter Street, and so I think all elements of that crime was proven. So I find him so guilty -- so find the defendant guilty of that charge.

Defendant's assignment is essentially an attack on credibility in a case in which the credibility issues at trial were taken into account and appropriately dealt with by the trial court. We again note that credibility is a matter for the fact-finder. "It is well-settled that a jury is free to believe some, none, or all of any witness's testimony." *State v. Perkins*, 11-955, p. 10 (La.App. 3 Cir. 3/7/12), 85 So.3d 810, 817; *see also Kennerson*, 695 So.2d 1367. In this case, the trial judge was the fact finder and there is a sufficient basis in the record to support the conviction.

For these reasons, this assignment lacks merit.

### *Assignment of Error Two*

In his second and final assignment of error, Defendant argues that the trial court's conduct of the proceedings deprived him of a fair trial. First, Defendant argues that the trial court failed to assure that he was arraigned. However, La.Code Crim.P. art. 555 states:

Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.

Defendant does not indicate that he objected to the lack of arraignment or was prejudiced thereby. This portion of his argument has no merit.

11

Next, Defendant argues that D.V.'s testimony that Defendant "touched her butt" with his genitals formed the main basis of Defendant's conviction and came forth only after the trial court allowed multiple direct and cross-examinations of D.V. In support of his argument, Defendant points to the trial court's statement that "I solicited evidence that maybe as a trial judge I might have asked more questions than I probably should have, but in an effort to look at the truth and find the truth." Therefore, Defendant contends that D.V.'s statement, elicited during her third direct examination, should not have been admitted, and without that statement, Defendant claims there is insufficient evidence to support his conviction for the crime of molestation of a juvenile. He cites no jurisprudence to support this contention.

We note that, La.Code Evid. art. 614 states:

**A. Calling by court.** The court, at the request of a party or if otherwise authorized by legislation, may call witnesses, and all parties are entitled to examine witnesses thus called.

**B. Questioning by court.** The court may question witnesses, whether called by itself or by a party.

**C. Objections.** Objections to the calling of witnesses by the court or to questioning of witnesses by it may be made at the time or at the next available opportunity when the jury is not present.

**D. Exception.** In a jury trial, the court may not call or examine a witness, except upon the express consent of all parties, which consent shall not be requested within the hearing of the jury.

This was not a jury trial. In *State v. Layssard*, 310 So.2d 107, 108 (La.1975), the supreme court stated:

Where the judge is the trier of fact he has the right to question the witness to clarify the evidence in his mind. Unless his participation in the trial is to such an extent and of such a nature that it deprives the defendant of a fair trial, there is no error.

12

*See also State in the Interest of D.R.*, 10-405 (La.App. 4 Cir. 10/13/10), 50 So.3d 927.

The record shows that Defendant made no contemporaneous objection to the trial court's questioning. Counsel acquiesced to the procedure. The trial court again asked counsel at the motion for new trial whether he had any objection to the trial court's questioning of the witnesses. Counsel again lodged no objection to the trial court's questioning, arguing only that the trial court should have read the victim's mother her Miranda rights prior to her being questioned, which is not at issue here. Due to the lack of contemporaneous objection by Defendant, we find this argument lacks merit. The trial judge's participation in this trial did not deprive this Defendant of a fair trial. *See* La.Code Crim.P. art. 841; La.Code Evid. art. 103(A)(1); La.Code Evid. art. 614(C); *In the Interest of D.R.*, 50 So.3d 927; *Layssard*, 310 So.2d 107.

Defendant's next complaint is that the State rested before formally introducing into evidence video recordings of interviews with the victims. Defendant observes that the trial court denied his motion for acquittal after the State rested. After Defendant called his sole witness, the trial court asked whether he objected to the introduction of the recordings. Defendant did object, but the trial court overruled the objection. Defendant complains the trial court made a *sua sponte* decision to admit the recordings, but this characterization is not supported by the record. During the State's case-in-chief, the trial court had actually deferred ruling on the admissibility of the recordings. La.Code Evid. art. 611(A) states:

> **A. Control by court.** Except as provided by this Article and Code of Criminal Procedure Article 773 [re: order of evidence], the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses. The court, however, shall

13

exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to:

(1) Make the interrogation and presentation effective for the ascertainment of the truth;

(2) Avoid needless consumption of time; and

(3) Protect witnesses from harassment or undue embarrassment.

Louisiana Code of Criminal Procedure Article 765(5) states, in pertinent part, "The court in its discretion may permit the introduction of additional evidence prior to argument[.]" Reading these provisions together, we find that the trial court acted well within its discretion in admitting the video recordings at issue. This argument lacks merit.

The final paragraph of Defendant's argument alleges that the trial court's actions mentioned in the rest of the assignment "establish a pattern of conduct that prejudiced" him. However, Defendant cites no jurisprudence to indicate that a "pattern of conduct" constitutes reversible error. The State suggests that Defendant's contention is merely a "cumulative error" argument. This court has explained:

> We also reject the defendant's assertion that, if his complaints cannot be reviewed due to lack of a contemporaneous objection, they should be considered as a pattern of presenting the defendant as a bad person.
>
> The combined effect of assignments of error, none of which warrant reversal on its own, does not deprive a defendant of his right to a constitutionally fair trial. *State v. Rochon*, 98-717, p. 14 (La.App. 5 Cir. 3/10/99), 733 So.2d 624, 633. The Supreme Court has noted that the "cumulative error" doctrine has lost favor in the Louisiana courts. *State v. Draughn*, 05-1825, p. 70 (La.1/17/07), 950 So.2d 583, 629. Significantly, the Supreme Court in *State v. Manning*, 03-1982 (La.10/19/04), 885 So.2d 1044, quoted with approval *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir.1987), where the federal Fifth Circuit rejected the

14

cumulative error doctrine by noting that "twenty times zero equals zero."

*State v. Ayo*, 08-468, pp. 29-30 (La.App. 5 Cir. 3/24/09), 7 So.3d 85, 104, *writ denied*, 09-1026 (La.3/5/10), 28 So.3d 1006.

*State v. Marinello*, 09-1260, p. 38 (La.App. 3 Cir. 10/6/10), 49 So.3d 488, 511,

*writs denied*, 10-2494, 10-2534 (La. 3/25/11), 61 So.3d 660, 661.

For the reasons discussed, this assignment lacks merit. We affirm

Defendant's conviction.

## ERRORS PATENT

At the outset, we note that the sentence imposed by the trial court is an

illegal sentence for the crime of molestation of a juvenile. Louisiana Revised

Statutes 14:81.2(A)(1) provides:

(1) Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Defendant was charged with aggravated rape of the victim D.V., under the

provisions of La.R.S. 14:42, which states in pertinent part:

A. [W]here the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim.

. . . .

(4) When the victim is under the age of thirteen years.

The trial court returned a responsive verdict of molestation of a juvenile.

The sentence imposed by the trial court, fifteen years at hard labor, without benefit

15

of probation, parole, or suspension of sentence, does not follow any of the sentencing provisions of the statute.

If, as in this case, the victim was alleged to be under the age of thirteen, the sentencing provisions of La.R.S. 14:81.2(D)(1) would apply. Louisiana Revised Statutes 14:81.2(D)(1) provides:

> Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

If the juvenile victim was over thirteen, Defendant was over seventeen, and the victim was under the control of Defendant, La.R.S. 14:81.2(B)(2) would apply, and it states:

> Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both.

The sentence imposed follows neither of these two provisions and is an illegal sentence. Where, as in this case, the victim is under thirteen, the mandatory minimum sentence set forth by the legislature is twenty-five years to ninety-nine years, at least twenty-five years of which must be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:81.2(D)(1). Assuming the trial court had the discretion to find the juvenile was over thirteen and the correct sentencing provision is as provided in La.R.S. 14:81.2(B)(2), a fine up to $10,000.00 and a sentence with or without hard labor for not less than five or more than twenty years, or both, the sentence is illegally lenient as the sentence imposed does not provide for a fine. It is also illegally harsh, as the sentence imposed by

16

the trial court provides that it be served without benefit of probation, parole, or suspension of sentence and La.R.S. 14:81.2(B)(2) contains no such provision.

As we indicated, neither the State nor Defendant filed an appeal urging a sentencing error. However, where, as here, we can determine that the sentence on its face is illegal, La.Code Crim.P. art. 920(2) provides, "An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence" may be corrected on appeal. La.Code Crim.P. art. 882(A) states, "An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review."

Because we have determined that the sentence imposed is illegal based on a mere inspection of the pleadings and proceedings without inspection of the evidence pursuant to La.Code Crim.P. art. 920(2), we must remand the case to the trial judge for imposition of the correct sentence. La.Code Crim.P. art. 881.4(A).[10] The sentence to be imposed has a sentencing range of twenty-five years to ninety-nine years and, in accordance with the mandatory minimum set forth by the legislature, "At least twenty-five years of the sentence shall be imposed without benefit of probation, parole, or suspension of sentence." La.R.S. 14:81.2(D)(1).

We are aware that neither the State nor Defendant raised a sentencing error on appeal. We now discuss whether it is constitutionally permissible under the circumstances to vacate the illegally lenient sentence imposed by the trial court and remand for imposition of a more onerous sentence.

---

[10] Louisiana Code of Criminal Procedure Article 881.4(A) provides, "If the appellate court finds that a sentence must be set aside on any ground, the court shall remand for resentence by the trial court. The appellate court may give direction to the trial court concerning the proper sentence to impose."

17

An illegal sentence is a sentence not authorized by law. *See State v. Moore*, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858. "It is well-established that a prisoner cannot escape punishment simply because the court committed an error in passing sentence." *Evans v. Secretary Pennsylvania Dept. of Corrections*, 645 F.3d 650, p. 662 (3rd Cir. 2011) (citing *Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645). Further, "a sentence may be increased when the original sentence did not conform to a statutory requirement. *U.S. v. Rosario*, 386 F.3d 166 (2nd Cir. 2004) (citing *Bozza*, 330 U.S. 160).

In *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, our supreme court discussed the issue of whether an appellate court may recognize an illegally lenient sentence as a patent error pursuant to La.Code Crim.P. art. 882(A). In *Williams*, as here, the state did not object to the illegally lenient sentence and did not assign errors on appeal. The supreme court stated, "Although a criminal defendant has the constitutional right to have his conviction reviewed to insure that the State proved his guilt beyond a reasonable doubt, it is nonetheless well established that a defendant in a criminal case does not have a constitutional or statutory right to an illegal sentence." *Williams*, 800 So.2d at 797. Further, the supreme court stated in *Williams*:

> It is readily apparent that a significant distinction may be drawn between vindictiveness which, after appeal, increases a defendant's sentencing exposure or increases a legal sentence, and the *pro forma* correction of an illegal sentence. When an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant's constitutional rights.

*Id.* at 798. *Thus*, the supreme court held, "[a]n illegal sentence may be corrected *at any time* by . . . an appellate court on review." *Id.* at 802 (quoting La.Code Crim.P. art. 882(A)).

In *State v. Clemons*, 01-1032, p. 3 (La.App. 5 Cir. 2/26/02), 811 So.2d 1047, 1050, *writ denied*, 02-0866 (La. 11/22/02), 834 So.2d 972, the court cited *Williams* with approval and held that, "under the general provisions of La.Code Crim.P. art. 882, an illegally lenient sentence may be corrected at any time by the reviewing court." Writs were denied in the companion case of *State v. Phillips*, 02-0866 (La. 11/22/02), 834 So.2d 972. In *State v. Phillips*, 15,554 (La.App. 2 Cir. 1/21/02), 806 So.2d 964, *writ denied*, 02-0866 (La. 11/22/02), 834 So.2d 972, the second circuit found that the trial court failed to impose a mandated fine and remanded the case for resentencing. Likewise, in *Clemons*, the fifth circuit found that the trial court did not impose a mandated fine or inform the defendant that his sentence was to be served without benefit of probation, parole, or suspension of sentence. The fifth circuit remanded the case to the trial court for resentencing. In both cases, patent error was found based on an illegally lenient sentence and the cases were remanded for imposition of a more onerous sentence. In both cases, the supreme court denied writs. Just as he did in *Williams*, then Chief Justice Calogero dissented to the denial of the writs on this issue, this time joined by Justice Johnson (now Chief Justice) and Justice Weimer. The dissent in *Phillips* stated:

> For many years the law in this state was that an appellate court could not amend or set aside an illegally lenient sentence on its own motion, when the defendant alone had appealed and the state had not sought review of the sentence. *State v. Jackson,* 452 So.2d 682 (La.1984); *State v. Napoli,* 437 So.2d 868 (La.1983). We reasoned that an unsought modification of a sentence by an appellate court "either is or appears to be retaliatory in nature," and may have an unconstitutional "chilling effect" on the exercise of a defendant's right to appeal, a right that is favored under our law. *Jackson*, 452 So.2d at 683.

. . . .

> The *Williams* decision does not sweep broadly enough to overrule
> *Fraser* and hold that the state need not appeal the district court's
> failure to impose a statutorily mandated fine. The law in Louisiana
> regarding an appellate court's imposition of mandatory fines on its
> own motion continues to be governed by the *Fraser* court's
> interpretation of article 882: the state must seek appellate review of
> the district court's failure to impose a statutorily mandated fine. The
> courts of appeal in these consolidated cases therefore erred in
> amending the defendants' sentences to include a fine in the absence of
> complaint by the state.

*State v. Phillips*, 02-0866, p. 1-3 (La. 11/22/02), 834 So.2d 972, 972-73.

While we recognize and respect the reasoning of the dissent in *Williams* and

*Phillips*, we agree with the rationale espoused by the majority in *Williams* and find

that under the circumstances of this case, we must recognize the trial court's

illegally lenient sentence and remand to the trial court to impose the statutorily

correct sentence under the law and peculiar facts of this case.

We recognize that different panels of this court have chosen not to recognize

and correct an illegally lenient sentence because the issue was not raised.[11] Still

other panels of this court have recognized and corrected illegal sentences.[12] A

recent comment in the Loyola Law Review further discusses appellate decisions

---

[11] *State v. Celestine*, 11-1403 (La.App. 3 Cir. 5/30/12), 91 So.3d 573; *State v. Jacobs*, 08-1068 (La.App. 3 Cir. 3/4/09), 6 So.3d 315, *writ denied*, 09-755 (La. 12/18/09), 23 So.3d 931; *State v. Dorsey*, 10-1021 (La.App. 3 Cir. 3/9/11), 58 So.3d 637; *State v. Smith*, 10-830 (La.App. 3 Cir. 2/9/11), 58 So.3d 964, *writ denied*, 11-503 (La. 9/30/11), 71 So.3d 279; *State v. Wiggins*, 10-1071 (La.App. 3 Cir. 3/16/11) (unpublished opinion). In *State v. T.S.*, 08-1299 (La.App. 3 Cir. 4/1/09) (unpublished opinion), this court stated that the failure to determine the defendant's ability to pay the victim's counseling costs pursuant to La.R.S. 14:78.1(E)(1) would be cause to raise a question of an illegally lenient sentence, but because the issue was not raised, that panel of this court would not address it.

[12] *See State v. Matthew*, 07-1326 (La.App. 3 Cir. 5/28/08), 983 So.2d 994, *writ denied*, 08-1664 (La. 4/24/09), 7 So.3d 1193; *State v. Kotrla*, 08-364 (La.App. 3 Cir. 11/5/08), 996 So.2d 1224; *State v. Guidry*, 08-1574 (La.App. 3 Cir. 6/3/09), 11 So.3d 728.

interpreting this issue and calls for legislative amendment of the law to provide for greater clarity.[13]

In *State v. Bourda*, 10-1553 (La.App. 3 Cir. 6/8/11), 70 So.3d 82, *writ denied*, 11-2122 (La. 2/17/12), 82 So.3d 282, a panel of this court noted that the forty year sentence imposed by the trial court was an error patent because it was an illegally lenient sentence. Following the reasoning of *Williams*, our court vacated the forty-year sentence imposed by the trial court, and, pursuant to La.Code Crim.P. art 882(A), imposed the much more onerous but statutorily mandated sentence of life imprisonment in that case. In *Bourda*, however, even though the court found the sentence illegal on error patent review, the State had also listed and argued this issue as an assigned error.

In *State v. Thibodeaux*, 12-300 (La.App. 3 Cir. 10/24/12), 100 So.3d 398, though the State did address the sentencing issue on appeal, it did not specify in its notice of appeal that the sentence was illegally lenient. A panel of our court nevertheless applied *Williams* and held:

> Recently[,] the Supreme Court ruled that R.S. 15:301.1 has retroactive application. *State v. Williams,* 00–1725 (La.11/28/01), 800 So.2d 790. The *Williams* court also considered the authority of the appellate courts to amend or order amended an illegally lenient sentence when the state did not object below or complain on appeal of the leniency. Although the procedural facts of *Williams* can be distinguished from the case at bar, because in the instant matter the state does complain of the sentence on appeal, we find *Williams* enlightening and applicable to the instant matter.
>
> The *Williams* opinion called into question the line of cases represented by *State v. Jackson* 452 So.2d 682 (La.1984), and *State v. Fraser,* 484 So.2d 122 (La.1986), and concluded that a defendant does not have a constitutional or statutory right to an illegal sentence. In this regard,

[13] Dustin C. Alonzo, Comment, *A Call to Reform Louisiana Code of Criminal Procedure Article 882: Eliminating the Error Patent Review of Illegally Lenient Fines*, 60 Loy. L. Rev. 313 (2014).

the Supreme Court concluded that when an illegal sentence is corrected, even though the corrected sentence is more onerous, there is no violation of the defendant's constitutional rights.

In analyzing R.S.15:301.1 the *Williams* court found that the provisions of paragraphs A and C were self-activating, but paragraph B requires the court or the state to move to correct the sentence. In this regard, the Supreme Court noted that paragraph B addresses sentencing restrictions other than parole, probation or suspension of sentence. Paragraph B is applicable in the instant case because the sentencing problem of which the state complains is nonconformity with statutory provisions. As we interpret *Williams,* the state is exempt from the need to file either a contemporaneous objection pursuant to LSA–C.Cr.P. art. 841 or a motion to reconsider sentence pursuant to LSA–C.Cr.P. art. 881.1 because of the legislative enactment of R.S. 15:301.1 B. *State v. Williams, supra* at p. 11, fn. 8, 800 So.2d at 798. While the Supreme Court does not specifically refer to LSA–C.Cr.P. art. 881.2 in its analysis, we find that article 881.2 must be read in conjunction with article 881.1, which is specifically mentioned. Accordingly, we consider the matter properly before us, and we will review the state's appeal.

*Thibodeaux*, 100 So.3d at 402-3 (quoting *State v. Jefferson*, 01-1139 (La.App. 5 Cir. 3/13/02), 815 So.2d 120).

We note that had this been a jury trial, the trial court would have been obligated to list the responsive verdicts on the jury sheet. The responsive verdicts to the crime of aggravated rape of a child under thirteen are:

Aggravated rape of a child under the age of thirteen are:

> Guilty.
> Guilty of attempted aggravated rape.
> Guilty of forcible rape.
> Guilty of attempted forcible rape.
> Guilty of simple rape.
> Guilty of attempted simple rape.
> Guilty of sexual battery.
> Guilty of molestation of a juvenile or a person with a physical or mental disability.
> Guilty of attempted molestation of a juvenile or a person with a physical or mental disability.
> Guilty of indecent behavior with a juvenile.
> Guilty of attempted indecent behavior with a juvenile.
> Not guilty.

La.Code Crim.P. art. 814(A)(8.1).

The jury would have had to acquit, convict on the crime charged, or pick one of the responsive verdicts. The responsive verdict of molestation of a juvenile to the crime of aggravated rape of a child under thirteen requires the trial court to sentence Defendant to molestation of a juvenile under thirteen. There is no provision of the law that would have enabled the trial court to simply ignore the jury's *Apprendi* findings. The trial court, likewise, cannot ignore or change its own *Apprendi* findings and ignore the mandatory minimum sentence that the legislature has imposed to satisfy its own idea of what the sentence should be absent actual mistake or error not present herein.[14]

We have discovered from a mere inspection of the pleadings and proceedings that the sentence imposed by the trial court is an illegal sentence in accordance with La.Code Crim.P. art. 920(2), and have corrected it pursuant to La.Code Crim.P. art. 882(A) by ordering a remand as provided by La.Code Crim.P. art. 881.4(A).

We have already reviewed the entire record in connection with our appellate review of the conviction. Though not essential to our decision to remand for resentencing, that review of the record clearly supports our decision. The trial court admittedly had great and even vast discretion as the trier of fact in returning a proper responsive verdict of molestation of a juvenile in this case. But not even vast discretion vests the trial court with authority to "take back" an *Apprendi* finding that the victim in this case was under thirteen when that same judge had already found that the victim's birth date was May 29, 2000 and the date of the offense was November 24, 2012. Simple math proves that D.V. was twelve at the

---

[14] *See State v. Guillory*, 10-1231 (La. 10/8/10), 45 So.3d 612.

time of the offense.  All of the evidence was in accord.  Likewise, it was uncontroverted that the mother had left the victim in the control and under the supervision of her fiancé, Defendant herein.

We must not lose sight of the victim's right to a fair trial.  Louisiana Constitution Article I, § 25 has made it clear that "Any person who is a victim of crime shall be treated with fairness, dignity, and respect."  Would it be fair and respectful to this young victim of a horrible crime committed against her when she was twelve years old to tell her that it is acceptable for the trial court to ignore the undisputed fact that she was twelve years of age, and then sentence her assailant to an illegally lenient sentence as though she was over thirteen?  We think not.  The trial court committed legal error when it attempted to do so.  It is clear from the record that that is exactly what he did, as we discussed fully in the facts and procedural history portion of this opinion.  It is worth repeating the parting comments of the trial court to Defendant after sentencing:

> You can talk to your lawyer.  You can get understanding.  I don't feel sorry for you.  Do your 15 years and be happy you got 15 years.  All right.
> . . . .
> Go explain to him, what happened today, and that he just missed a 25-year sentence.  And if he keeps talking, I'm going to change my mind.  Okay?

Even though we have not reviewed the evidence in connection with our error patent finding, the record is clear that the trial judge knew full well that he was imposing an illegally lenient sentence and chose to do so anyway.  Though we need not and, arguably, cannot review the record in determining whether a sentence is illegally lenient, we should not fail to mention the clear and uncontroverted facts that support our decision, especially once we have already undertaken responsibility to review the entire record in connection with

Defendant's appeal of the guilty verdict. We remand this case to the trial court to correct this illegally lenient sentence and accord justice to this young victim in accordance with law and with her constitutional rights pursuant to La.Const. art. I, § 25.

## CONCLUSION

In our view, this case involves the imposition by the trial court of an illegal sentence. In La.R.S. 14:81.2(D)(1), the legislature has mandated a minimum sentence of twenty-five years with a maximum sentence of ninety-nine years at hard labor, at least twenty-five years of which must be served without benefit of probation, parole, or suspension of sentence for molestation of a juvenile where, as here, the grand jury indictment alleges and the uncontroverted facts show that the victim was under the age of thirteen and under the supervision and control of the defendant. The sentence imposed by the trial court in this case was an illegal sentence for this particular crime perpetrated on this particular victim under the facts and circumstances of this case, and we hereby vacate the trial court's sentence and remand this matter to the trial court for resentencing in conformity with the provisions of La.R.S. 14:81.2(D)(1) and this decision.

## DISPOSITION

Defendant's conviction is affirmed, Defendant's sentence is vacated and the case is remanded to the trial court for resentencing in accordance with La.R.S. 14:81.2(D)(1). The trial court is directed to inform the Defendant of the provisions of La.Code Crim.P. art. 930.8 at the resentencing proceeding.

**CONVICTION AFFIRMED; SENTENCE VACATED. THIS CASE IS REMANDED TO THE TRIAL COURT FOR SENTENCING CONSISTENT WITH THIS OPINION.**

NUMBER 14-522

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

ASHAKI OKUNG KELLY

AMY, J., concurring in part and dissenting in part.

I agree with the majority opinion's proposal to affirm the defendant's conviction after review of the defendant's assignments of error.

However, I respectfully dissent from the decision to vacate the defendant's sentence and remand for re-sentencing under error patent review. Rather, I do not find that the purported sentencing error cited by the majority is "discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). *See State v. Oliveaux*, 312 So.2d 337 (La.1975) (wherein the supreme court listed a number of examples of the types of pleadings/proceedings reviewable under Article 920(2)). Here, neither the State nor the defendant raised a sentencing error by assignment of error and the alleged error identified by the majority opinion is discoverable after an inquiry into the transcript, the evidence, and the trial court's evaluation of the facts developed. Such an inquiry, in my opinion, is beyond the type of review anticipated by Article 920(2).

For this reason, I do not join in the majority opinion to the extent it vacates the defendant's sentence.